### JEROME H. REMICK & CO. v. GENERAL ELECTRIC CO.

(District Court, S. D. New York. September 30, 1924.)

**1. Copyrights ⨀66—Rule as to liability for radio broadcasting of copyrighted composition stated.**

Radio broadcaster is not liable, under Copyright Law, for broadcasting performance by person authorized to perform copyrighted musical composition publicly for profit; but if he procures an unauthorized performance, and for his own profit broadcasts it, he is liable as infringer.

**2. Copyrights ⨀85—Whether broadcasting of copyrighted musical composition authorized should not be determined, on conflicting affidavits, on motion for injunction pendente lite.**

Whether performance of musical composition by hotel orchestra was authorized, so as to relieve radio broadcaster from liability from broadcasting it, should not be determined, on conflicting affidavits, on application for injunction pendente lite.

**3. Copyrights ⨀82—Complaint for unauthorized radio broadcasting must clearly allege plaintiff's title to copyright.**

Complaint for unauthorized radio broadcasting of musical composition must clearly allege plaintiff's title to copyright.

Suit by Jerome H. Remick & Co. against the General Electric Company. On plaintiff's motion for injunction pendente lite, and defendant's motion to dismiss. Motions denied.

Nathan Burkan, of New York City, for plaintiff.

Charles Neave, of New York City (Merrell E. Clark, of New York City, of counsel), for defendant.

KNOX, District Judge. [1] Upon the question as to whether the broadcasting by radio of a copyrighted musical composition, without the consent of its proprietor, constitutes an infringement of his rights, I am of opinion that under certain circumstances such may be the fact. In other words, I can conceive of conditions under which the unauthorized broadcasting of a copyrighted musical composition will be nothing else than its public performance for profit.

But in any such inquiry I think it necessary to ascertain whose performance was broadcast. Was it that of the broadcaster, or was it that of another person, who may have been authorized to perform the copyrighted composition publicly and for profit? If the latter, I do not believe the broadcaster is to be held liable. By means of the radio art he simply makes a given performance available to a great number of persons who, but for his efforts, would not hear it. So far as practical results are concerned, the broadcaster of the authorized performance of a copyrighted musical selection does little more than the mechanic who rigs an amplifier or loud speaker in a large auditorium, to the end that persons in remote sections of the hall may hear what transpires upon its stage or rostrum. Such broadcasting merely gives the authorized performer a larger audience, and is not to be regarded as a separate and distinct performance of the copyrighted composition upon the part of the broadcaster. When allowance is made for the shrieks, howls, and sibilant noises attributable to static and interference, the possessor of a radio receiving set attuned to the station of the broadcaster of an authorized performance hears only the selection as it is rendered by the performer. The performance is one and the same whether the "listener in" be at the elbow of the leader of the orchestra playing the selection, or at a distance of 1,000 miles.

If a broadcaster procures an unauthorized performance of a copyrighted musical composition to be given, and for his own profit makes the same available to the public served by radio receiving sets attuned to his station, he is, in my judgment, to be regarded as an infringer. It may also be that he becomes a contributory infringer in the event he broadcasts the unauthorized performance by another of a copyrighted musical composition. To this proposition, however, I do not now finally commit myself.

For the reasons stated, I shall deny defendant's motion to dismiss the complaint.

[2] The affidavits submitted upon plain-

tiff's application for an injunction pendente lite are such as to throw considerable doubt upon the right to preliminary restraint. The performance of the selection, "Somebody's Wrong," by the orchestra at the New Kenmore Hotel in Albany, N. Y., is claimed by defendant to have been given under an implied license from the plaintiff. It also appears that a representative of the complainant addressed a letter to the leader of the orchestra, giving him permission to broadcast any of plaintiff's copyrighted musical compositions. Such authority is said by plaintiff to have been revoked prior to the alleged infringement of the copyright upon "Somebody's Wrong;" but, if it was, the fact may better be determined when all evidence tending to show the right of the hotel orchestra to perform the selection is before the court. Should it appear that the performance of the selection was authorized by plaintiff, it will be impossible to find infringement upon the part of the broadcaster.

[3] Aside from the question of statutory construction presented by the bill of complaint, defendant makes the point that plaintiff's title to the copyright in question is not sufficiently alleged. It is not without merit, and I shall require plaintiff to so amend the complaint as to show unmistakably that it is *now* entitled to ask relief against the defendant for its alleged infringement of the copyright upon "Somebody's Wrong."