## McDEVITT v. DORSEY.
### Civ. No. 23546.

District Court, N. D. Ohio, E. D.
April 3, 1946.

Curt B. Muller, A. L. Kearns, and John F. Choffey, all of Cleveland, Ohio, for plaintiff.

C. W. Sellers and R. M. MacArthur, both of Cleveland, Ohio, and John J. Manning, of New York City, for defendant.

JONES, District Judge.

The defendant, who claims residence in North Hollywood, Calif., seeks dismissal of the complaint for alleged infringement of copyright upon several related grounds.

It will be sufficient to respond generally to the motion and to direct further action by the plaintiff. The requirement for institution of copyright actions under 17 U.S.C.A. § 35 is clearly stated in that Section of the Code. The defendant, in his affidavit, states that he was handed a summons and copy of the complaint in the within action on November 3, 1945, at Cleveland, Ohio. Thus, the defendant having been found and properly served within the District, the case is rightfully here under the above section of the Code; and there seems to be sufficient allegation in the complaint with respect to venue to satisfy the requirements.

While it is true that there is respectable authority to the effect that mere service of process upon a nonresident defendant within a District does not render the defendant "found" in such District, nevertheless the plain meaning of the words of the statute should be relied upon and adopted rather

than to search for limitations upon such plain meaning.

However, there does appear to be an infirmity in the complaint because of the absence of any allegation of present ownership of the copyright. This fault, however, may be cured under a liberal application of the rules by requiring the plaintiff to amend his complaint forthwith to allege present ownership. If such amendment is made within five days the motion of the defendant will be overruled. See Jerome H. Remick & Co. v. General Electric Co., D.C., 4 F.2d 160, 161 and Form 17, 6 R.C.P., 28 U.S.C.A. following Section 723c.