Chief Judge Fuld.
 

 Once again we are called upon to construe our ‘ ‘ long-arm statute ’ ’ to determine whether a particular foreign corporation is amenable to suit in our courts.
 

 The plaintiff-appellant is a New York corporation, duly licensed as a “ distributor of liquors ” here, with a sales force of several dozen salesmen. The defendant-respondent, Bombay Spirits Co., a Scottish corporation not licensed to do business in New York, manufactures Bombay brand gin and vermouth. The other defendants — who are not parties to this appeal — are A. M. Penrose
 
 &
 
 Co., a Pennsylvania corporation licensed to do business in New York as a liquor importer and distributor, and Carillon Importers, Austin Nichols & Co., and Star Industries, all of whom are New York corporations and liquor distributors.
 

 In 1959, Penrose ‘
 
 ‘
 
 acquired the United States distribution rights ” to Bombay products and, two years later, Penrose, Bombay and the plaintiff entered into the agreement which constitutes the basis of this lawsuit. Under the terms of the agreement, the plaintiff was given “ the sole and exclusive right to sell [Bombay] Products within the New York Metropolitan area”. Bombay and Penrose agreed that “no other person, firm or corporation will be granted a right to distribute and sell any of the Products in [that] territory” and, in return, the plaintiff promised “to use its best efforts and facilities to promote * * * the maximum sale and distribution * * * of the Products ”. The agreement was to remain in force for five years with either the plaintiff or Penrose having an option to renew it thereafter for another five-year term. Although Bombay signed the document in Scotland, the plaintiff was the last to sign it, one of the officers doing so in New York.
 

 The plaintiff complains that Bombay and Penrose breached the agreement by subsequently giving away distribution rights in the New York metropolitan area to the other defendants, all of whom are alleged to be selling Bombay spirits there. Both temporary and permanent injunctions were sought against all of the defendants. In addition, the court was asked to award
 
 *16
 
 1
 
 y2
 
 million dollars in compensatory damages and 3 million dollars in punitive damages against Bombay, Penrose and Carillon.
 

 Bombay was served with process in Great Britain pursuant to the provisions of CPLR 313. Its motion to dismiss the complaint was granted by the Appellate Division on the ground that our courts lacked jurisdiction of the defendant’s person (CPLR 3211, subd. [a], par. 8).
 

 It is perfectly evident that Bombay does not transact “ any business within the state” (CPLR 302, subd. [a], par. 1). It maintains no offices, bank account, telephone listing, or warehouse for the storage of goods here, nor does it employ any salesmen, solicit any orders, make any sales or conduct any shipping activities in New York. Instead, Bombay has given the exclusive rights to market its spirits in this country to Penrose, which buys the products F. O. B. Great Britain, imports them into the United States and sells them at a profit to liquor wholesalers and distributors. These facts closely resemble those in
 
 Kramer
 
 v.
 
 Vogl
 
 (17 N Y 2d 27, 32) where the defendants made arrangements to sell small quantities of leather F. O. B. Austria to a local New York distributor and themselves carried on no sales, promotion or advertising activities in this State. We held that our courts lacked jurisdiction of the defendants, a determination which is completely dispositive of the case before us.
 

 The cases in which we have previously sustained jurisdiction under the first paragraph of subdivision (a) of CPLR 302 are all significantly distinguishable. (See
 
 Lewin
 
 v.
 
 Bock Laundry Mach. Co.,
 
 16 N Y 2d 1070;
 
 American Cyanamid Co.
 
 v.
 
 Rosenblatt,
 
 16 N Y 2d 621, app. dsmd. 382 U. S. 110;
 
 Longines-Wittnauer
 
 v.
 
 Barnes & Reinecke
 
 and
 
 Singer
 
 v.
 
 Walker,
 
 15 N Y 2d 443; see, also,
 
 Liquid Carriers Corp.
 
 v.
 
 American Mar. Corp.,
 
 375 F. 2d 951.) In
 
 Longines-Wittnauer
 
 (15 N Y 2d 443, 455.
 
 supra),
 
 a foreign corporate defendant sent its employees into this State for the express purpose of promoting and conducting business; in
 
 American Cyanamid
 
 (16 N Y 2d 621,
 
 supra),
 
 the defendant bought stolen property here in the course of his business ; and, in
 
 Lewin
 
 (16 N Y 2d 1070,
 
 supra)
 
 and
 
 Singer
 
 (15 N Y 2d 443, 464-467,
 
 supra),
 
 the foreign corporations sent substantial quantities of goods into New York in response to orders which
 
 *17
 
 they had solicited through catalogues and widespread advertising here. In sharp contrast, Bombay carried on no such activities in New York.
 

 Nothing turns on the fact that Penrose acted as Bombay’s agent in filing with the State Liquor Authority the price schedules required of the “ owner of [a liquor] brand ” (Alcoholic Beverage Control Law, § 101-b, subd. 3). The statute requires that the brand owner designate an “ agent ” only for the purpose of filing the schedule (Alcoholic Beverage Control Law, § 101-b, subd. 3, par. [a], cl. [2]), and the record is clear that for all other purposes Penrose dealt independently of Bombay and was not the latter’s agent.
 

 Finally, it is “ not * * * determinative ” that the plaintiff signed the contract in New York
 
 (Singer
 
 v.
 
 Walker,
 
 15 N Y 2d 443, 467,
 
 supra)
 
 or that it was obligated therein “to promote ” the purchases of Bombay’s products in this State. (See
 
 Kramer
 
 v.
 
 Vogl,
 
 17 N Y 2d 27,
 
 supra.)
 

 Accordingly, since Bombay was not transacting business here, the service of process upon it abroad was not sufficient to give our courts jurisdiction over it.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Judges Van Voorhis, Burke, Scileppi, Bergan, Keating and Breitel concur.
 

 Order affirmed.