Sitaram SARAF, Mahabir Prasad Saraf and Govino Prasad Saraf, Co-Partners doing business under the firm name and style of Sitaram Mahabirprasad, Plaintiffs,

v.

**CHATHAM CARPET MILLS, INC.,** Defendant.

No. 67 Civ. 3010.

United States District Court
S. D. New York.

Nov. 20, 1967.

Rosenberg, Stone· & Notkins, New York City, for plaintiffs, Seymour M. Liebowitz, New York City, of counsel.

Demov & Morris, New York City, for defendant, Irving Bizar, New York City, of counsel.

## OPINION

WEINFELD, District Judge.

Plaintiffs, a partnership composed of citizens of India and carrying on business there, commenced this action in the Supreme Court of the State of New York against a Tennessee corporation seeking to recover on a judgment entered in the High Court of Calcutta on an arbitration award. The action was removed to this court by reason of diversity. The defendant moves to dismiss upon the ground of forum non conveniens or, alternatively, pursuant to 28 U.S.C., section 1404(a) to transfer the action either to the Eastern District of Tennessee, Southern Division, or to the Northern District of Georgia, Rome Division, based upon the convenience of parties, witnesses, availability of records and the interests of justice.

The action, which seeks recovery upon a judgment of a foreign state, seemingly

would require simple and documentary proof to sustain it—basically proof of plaintiffs' compliance with the agreed upon arbitral procedure, of service and of the court's jurisdiction. However, this is not the case. The defendant denies it was ever served or appeared in the arbitration proceeding or in the law action in India. Consequently, in addition to the dispute as to notice and the challenge to jurisdiction, other factual issues are raised under the contracts relating both to the plaintiffs' claims thereunder and the defendant's cross-claims of defect of merchandise and shortage of shipments.

 The defendant maintains its principal place of business at Chattanooga, Tennessee. It also maintains a factory at Dalton, Georgia, about thirty miles distant from Chattanooga. The merchandise, the subject matter of the controversy, was shipped by plaintiff from India to the defendant's factory at Dalton. The evidence as to the claimed breaches exists at Dalton. All witnesses having knowledge thereof reside either at Dalton or Chattanooga, and all records pertaining to the matter are at one place or the other. Upon the affidavits here presented there are no witnesses of plaintiffs or defendant within this district or nearby. Plaintiffs' allegation, in its supplemental affidavit, that various persons associated with Alfred Kramer & Co., a New York firm, will be "necessary witnesses in relation to any trial," is defective for its failure to name the witnesses and describe the nature of their proposed testimony.[1]

There is not a single factor which favors retention in this district. The circumstance that plaintiffs' attorneys maintain their offices in this district is insufficient, in the light of overwhelming factors favoring transfer, to keep the action here.[2] The Rome Division of the Northern District of Georgia is fifty-five miles from Dalton. Thus,

it appears more convenient to parties and witnesses if the action is transferred to Chattanooga, which is thirty miles distant from Dalton.

The motion to dismiss upon the ground of forum non conveniens is denied. The alternative motion to transfer is granted and the case is transferred to the Eastern District of Tennessee, Southern Division.

---

1. Cf. Robbins Music Corp. v. Alamo Music, Inc., 119 F.Supp. 29 (S.D.N.Y. 1954).

2. See Faucette v. Lykes Bros. S.S. Co., 110 F.Supp. 287, 288 (S.D.N.Y.1953); Ortiz v. Union Oil Co., 102 F.Supp. 492, 493–494 (S.D.N.Y.1952).