**INTERNATIONAL BUSINESS COORDI-NATORS, INC., Plaintiff,**

**v.**

**AAMCO AUTOMATIC TRANSMIS-SIONS, INC., Robert Morlan, Anthony A. Martino, Milton Siegel, Miller Advertising, Inc., Leonard Miller and Homer Weidlich, Defendants.**

**No. 68 Civ. 2655.**

United States District Court
S. D. New York.

Oct. 30, 1969.

---

362

Edward F. X. Ryan, Larchmont, N. Y., for plaintiff.

Whicher & Davidson, New York City, for defendant Milton Siegel; John F. Whicher, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Defendant Milton Siegel moves to dismiss this action as against him for lack of venue.

The action seeks treble damages under the antitrust laws.[1] It appears from the complaint that plaintiff and at least one defendant (Miller Advertising, Inc.) are both New York corporations. Thus, all defendants do not reside in New York. Venue, therefore, does not lie in this district under the general venue statute.[2]

Jurisdiction and venue, according to the complaint, are predicated on 28 U.S. C. § 1337[3] and 15 U.S.C. §§ 15 and 22 (Sherman Act § 7 and Clayton Act § 12).

---

1. Sherman Act, 15 U.S.C. §§ 1, 4; Clayton Act, 15 U.S.C. §§ 15, 22.

2. Title 28 U.S.C. § 1391(b) provides:
    "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought *only* in the judicial district *where all defendants reside*, or in which the claim arose, ex-

cept as otherwise provided by law." (Emphasis supplied.)

3. Title 28 U.S.C. § 1337 provides:
    "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against re-

In accordance with Rule 4(e), Fed.R. Civ.P.,[4] and New York's long-arm statute, § 302 CPLR,[5] Siegel was served with a copy of the summons and complaint in Miami, Florida, where he was then located and where he has resided, owned a home and been employed since June 1, 1968. He had no agent, owned no property and transacted no business within the State of New York at the time of service or suit.

Since plaintiff is an individual, the controlling venue statute is not § 12 of the Clayton Act, 15 U.S.C. § 22, but § 7 of the Sherman Act, 15 U.S.C. § 15, which contains a special venue provision for private antitrust actions allowing them to be brought only in a district court in the district "in which the defendant resides or is found or has an agent." [6]

Siegel neither resided nor had an agent in this district at the time of suit or service. Our search is thus directed to whether he was *found* within this district. We think not.

■ The burden of proof on this disputed issue is on the plaintiff.[7] Plaintiff offers nothing to refute the facts outlined above.

■ According to Judge Learned Hand, the *"found"* criterion was de-

straints and monopolies." See Binderup v. Pathe Exchange, Inc., 263 U.S. 291, 44 S.Ct. 96, 68 L.Ed. 308 (1923).

4. Rule 4(e), Fed.R.Civ.P., provides:

"Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule."

5. New York CPLR § 302 provides:

"(a) *Acts which are the basis of jurisdiction.* As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
1. transacts any business within the the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
4. owns, uses or possesses any real property situated within the state.
(b) *Effect of appearance.* Where personal jurisdiction is based solely upon this section, an appearance does not confer such jurisdiction with respect to causes of action not arising from an act enumerated in this section."

6. Title 15 U.S.C. § 15 provides:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

7. Periodical Distributors, Inc. v. American News Co., Trade Reg.Rep. (1961 Trade Cas.) ¶ 70011 (S.D.N.Y.1961).

signed "to permit the plaintiff to sue the defendant wherever he could catch him." [8] Siegel was caught by the plaintiff not in New York but in Florida, albeit by reach of New York's long-arm statute. He was found, therefore, not within this district but in Florida. Venue, thus, does not lie in this district, and absent waiver of the territorial immunity granted by Congress,[9] he may not be sued here for venue is improper as to him.

Opposing the motion, plaintiff asserts facts to the effect that at the time of the alleged conspiracy, but not at the time of suit or service, Siegel was engaged in various activities within the State of New York. It is asserted, for example, that he participated in the alleged tortious conspiracy to drive plaintiff out of business, transacted business within the State, acted as agent and manager for co-defendant Aamco Automatic Transmissions, Inc., directed the actions of others within the State to the injury of plaintiff, derived substantial revenue from sales and had substantial and continuous business with and in New York. All this past conduct, plaintiff urges, combined with the changes wrought by the incorporative provision of Rule 4(e),

Fed.R.Civ.P., New York's long-arm statute and the broadened approach of modern jurisdictional concepts [10] operate to expand the special venue provision of the antitrust laws. We disagree.

Plaintiff would lead us to the error of blurring venue with jurisdiction. It should be noted that this is not a motion to quash service. Venue, not jurisdiction, is challenged by the motion.

Jurisdiction over the subject matter relates to the power of the court to hear and determine the action, and jurisdiction in personam relates to the court's power over the defendant. There can be no question that we have subject matter jurisdiction of this action since the complaint is based on an alleged conspiracy in restraint of trade, in violation of § 1 of the Sherman Act.[11] Moreover, assuming the truth of plaintiff's assertions, we also have jurisdiction over the person of Siegel by operation of Rule 4(e), Fed.R. Civ.P., and § 302 CPLR.[12]

Venue, however, is a wholly different matter, and the distinction is vital to decision of this motion. Venue relates not at all to jurisdiction but to the place or forum where the action may be brought.[13] Venue, having been fixed by federal law, must be determined by fed-

---

8. Thorburn v. Gates, 225 F. 613, 615 (S.D. N.Y.1915).

9. Venue, of course, is a personal privilege which "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." Freeman v. Bee Machine Co., 319 U.S. 448, 453, 63 S.Ct. 1146, 1149, 87 L.Ed. 1509 (1943); Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939). There is nothing here showing either waiver or submission, formally or otherwise. Rather, defendant Siegel timely asserts his personal privilege of territorial immunity given by Congress.

10. See Pure Oil Co. v. Saurez, 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966); United States v. Scophony Corp. of America, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948); International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

11. 28 U.S.C. § 1337.

12. Thill Securities Corp. v. New York Stock Exchange, 283 F.Supp. 239 (E.D. Wis.1968). As to the applicability of state long-arm statutes in federal cases generally, see: United States v. First National City Bank, 379 U.S. 378, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965); United States v. Montreal Trust Co., 358 F.2d 239 (2d Cir. 1966); Hoffman Motors Corp. v. Alfa Romeo S.p.A., 244 F.Supp. 70 (S.D.N.Y.1965); Metropolitan Sanitary Dist. of Greater Chicago v. General Electric Co., 35 F.R.D. 131 (N.D.Ill. 1964); Amendments to Rules of Civil Procedure for the United States District Courts, Statement of Black and Douglas, JJ., 374 U.S. 861, 869 (1963); Advisory Committee's Notes to Rules 4(d) (7), 4(e) and 4(f); 2 Moore, Federal Practice ¶ 4.41–1[3], at 1291.56 (2d ed. 1964).

13. 1 Moore, Federal Practice ¶ 0.140[1.– 2], at 1319–1320 (2d ed. 1964).

eral law.[14] The statute contains no provision expanding venue to every place defendant may be amenable to process. Nor does it contain a provision making "found" synonymous with jurisdiction over the person.

■ There is certainly no requirement that venue and jurisdiction over the person be coextensive.[15] It would be anomalous, indeed, to say that this defendant was "found" within this district when in fact defendant was served with process extraterritorially in Florida under a rule and State long-arm statute which operate only when he cannot be found here. More significantly, however, Rule 82, Fed.R.Civ.P., expressly provides that the Federal Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." Rule 4(e), Fed.R.Civ. P., and § 302 CPLR, however far-reaching in extraterritorial service of process, do not, therefore, enlarge the venue restrictions of the antitrust laws in a private treble damage action against an individual.[16]

Plaintiff, however, contends that we should take a broader approach and make the special venue provisions of the antitrust laws coextensive with practical business operations, expanded concepts of jurisdiction and modern notions of fair play and substantial justice. Noting that the special venue statute involved here gives plaintiff a wide choice of venue, and quoting from Cinema Amusements, Inc. v. Loew's, Inc., 85 F.Supp. 319, 327 (D.C.Del.1949), plaintiff argues that:

"The purpose of the wide choice of venue given to plaintiffs in anti-trust litigation was certainly to further the interest of justice by enabling plaintiffs to obtain redress in forums in which they can afford to sue, usually that of their own residence."

*Cinema*, however, dealt not with venue in a treble damage suit against an individual but with venue in an action against a corporation. Cases dealing with the venue of antitrust actions against corporations are not applicable here,[17] for while Congress has provided a more generous choice of forum in private antitrust suits against corporations to bring venue law in line with modern corporate operations [18] and practical considerations underlying long-arm statutes, it has not done so in suits against individuals.

Similarly, a criminal action under the antitrust laws lies against any participating conspirator, corporate or individual, in any district where the conspiracy was formed, or carried on, or where an overt act was committed in furtherance of its objectives,[19] whether or not the particular defendant was ever within the district. Plaintiff, urging familiar principles of the criminal law, would have us read the same criteria governing venue in criminal conspiracy cases into the venue statute applicable to civil treble damage actions based on a tortious conspiracy.[20]

Congress, however, by 15 U.S.C. § 15, placed definite limits on venue in civil treble damage actions against individuals even though based on an alleged conspiracy. Furthermore, the argument

---

14. Murphree v. Mississippi Pub. Corp., 149 F.2d 138 (5th Cir. 1945), aff'd, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946).

15. United States v. Scophony Corp. of America, *supra*, 333 U.S. at 809, 68 S.Ct. 855 n. 21.

16. See Metropolitan Sanitary Dist. of Greater Chicago v. General Electric Co., *supra*.

17. Sure-Fit Products Co. v. Fry Products, Inc., 23 F.Supp. 610, 612 (S.D.N.Y. 1938).

18. United States v. Scophony Corp. of America, *supra*, 333 U.S. at 806, 68 S.Ct. 855 n. 15.

19. *Cf.*, United States v. Scophony Corp. of America, *supra*; United States v. Trenton Potteries, 273 U.S. 392, 402–403, 47 S.Ct. 377, 71 L.Ed. 700 (1927).

20. A conspiracy violative of the antitrust laws is a tort. See Washington v. American Pipe & Construction Co., 280 F.Supp. 802, 804 (S.D.Cal.1968), and cases there cited.

that venue in a private antitrust action lies in any district in which it is alleged that acts in furtherance of the conspiracy have occurred has been rejected as "unsound" by the Second Circuit.[21] The contention has also been rejected by this court many times.[22]

Finally, in Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953), where the objecting defendant was served outside the suit district, the court declined to expand the special venue restrictions of the antitrust laws, holding that a nondomiciliary's membership in a tortious conspiracy carried on within the suit district did not satisfy the "found" requirement of the statute. Noting that Congress had not given antitrust plaintiffs an unrestricted choice of venue, the Court rejected a conspiracy theory akin to plaintiff's, saying:

> "Certainly Congress realized in so doing that many such cases would not lie in one district as to all defendants, unless venue was waived. It must, therefore, have contemplated that such proceedings might be served and transferred or filed in separate districts originally. Thus petitioner's theory has all the earmarks of a frivolous albeit ingenious attempt to expand the statute." *Id.* at 384, 74 S.Ct. at 149.

Referring to the much broader provisions of the special venue statute governing treble damage suits against corporations (15 U.S.C. § 22), the Supreme Court noted that even in such a suit Congress had refused to grant plaintiffs an unrestricted choice of forum:

> "[Unlimited venue provisions] were rejected because the choice given was too wide giving plaintiffs the power to bring suit and force trial in districts far removed from the places where the company was incorporated, had its headquarters, or carried on its business. In adopting § 12 Congress

was not willing to give plaintiffs free rein to haul defendants hither and yon at their caprice." United States v. National City Lines, Inc., 334 U.S. 573, 588, 68 S.Ct. 1169, 1177, 92 L.Ed. 1584 (1948). See Periodical Distributors, Inc. v. American News Co., Trade Reg. Rep. (1961 Trade Cas.) ¶ 70011, at 78009 (S.D.N.Y.1961).

We conclude, therefore, that venue does not lie in this district, and, accordingly, the motion to dismiss this action as to defendant Milton Siegel is granted in all respects.

So ordered.

---

21. Bertha Building Corp. v. National Theatres Corp., 248 F.2d 833 (2d Cir. 1957).

22. See Periodical Distributors, Inc. v. American News Co., *supra*, and cases there cited.