**B. Stephen SINGER, PPA, et al.,**
**Plaintiffs, Appellants,**

v.

**PIAGGIO & C. (s.p.a.), Defendant,**
**Appellee.**

**No. 7353.**

United States Court of Appeals
First Circuit.

Heard Oct. 6, 1969.

Decided Jan. 7, 1970.

Albert P. Zabin, with whom Joseph Schneider and Schneider & Reilly, Boston, Mass., were on brief, for plaintiffs-appellants.

Andrew B. Goodspeed, with whom Goodspeed & Stramondo, Boston, Mass., was no brief, for defendant-appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

█ The plaintiff,[1] a citizen of Pennsylvania, purchased there a Vespa motor scooter made in Italy by defendant Piaggio & C. (s. p. a.) and subsequently was injured in Florida due, allegedly, to a manufacturing defect. Asserting that the defendant is doing business in Massachusetts, plaintiff brought suit in the federal court in that district, and when, thereafter, Massachusetts passed a long arm statute, Mass.G.L. c. 233A (1968), made a second service thereunder. The district court granted defendant's motion to dismiss for lack of jurisdiction, on the ground that defendant is clearly not doing business in Massachusetts and that the 1968 Massachusetts long arm statute is not retrospective. The holding denying retrospectivity was error. Diamond Crystal Salt Co. v. P. J. Ritter Co., 419 F.2d 147, 1 Cir., 12/30/69.[2] We consider, therefore, whether defendant's activities satisfy any of the statute's provisions.

At the time of plaintiff's injury, and prior thereto, defendant sold its scooters under a franchise agreement to a Massachusetts corporation, Vescony, Inc., whose principal place of business was in

---

1. Strictly, there are two plaintiffs, the injured party, a minor, and his father. For convenience we will speak in the singular, referring to the minor.

2. Plaintiff's contention, that retrospectivity was not involved because the statute was in effect when service was made, over- looks the point of substance. The question, which we answered in the affirmative in the cited case, is whether activity which did not subject a defendant to local jurisdiction when it was conducted could be made to have that effect retrospectively.

that state. Except for Sears, Roebuck & Co., Vescony had an exclusive franchise for forty states, including all of the eastern seaboard. It purchased the scooters from the defendant f. o. b. Genoa, Italy, landed them in various United States ports, including Massachusetts, and warehoused them in various cities. The evidence does not warrant a finding that the scooter purchased by the plaintiff was ever in Massachusetts.

■ Defendant had no interest, direct or indirect, in Vescony. Its sole right was to cancel the franchise if Vescony did not meet stated quotas. This was not sufficient control to make Vescony its agent, as plaintiff concedes.

■■ Plaintiff relies upon the following provisions of the Massachusetts long arm statute.

"§ 3. *Transactions or conduct for personal jurisdiction*

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's

(*a*) transacting any business in this commonwealth;

(*b*) contracting to supply services or things in this commonwealth;"

Taking the latter subsection first, the phrase "contracting to supply services or things in this commonwealth" must be read together with the prior phrase, "cause of action arising from. * * *" Plaintiff's cause of action did not arise from and was not connected with any shipment into or services within the commonwealth. It would be an unwarranted extension of the statute to include shipments elsewere merely because, under the same contract, goods unrelated to the cause of action may have been introduced into the commonwealth.

■ Plaintiff fares no better under subsection (*a*). Even if we were to assume that defendant's activities con-

stituted the transaction of business in the commonwealth, *but see* Standard Wine & Liquor Co. v. Bombay Spirits Co., 1967, 20 N.Y.2d 13, 281 N.Y.S.2d 299, 228 N.E.2d 367; Kramer v. Vogl, 1966, 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159, plaintiff's cause of action cannot be said to have "arisen from" any Massachusetts transaction. Every relevant event of any importance—the alleged negligence, the sale, the injury—occurred in some other jurisdiction. *See* Gelfand v. Tanner Motor Tours, Ltd., 2 Cir., 1964, 339 F.2d 317, 321, which interprets the New York statute in a closely analogous situation.[3] *Cf*. Southern Mach. Co. v. Mohasco Indus., Inc., 6 Cir., 1968, 401 F.2d 374, 384 & n. 29; Drago Shipping Corp. v. Union Tank Car Co., 9 Cir., 1966, 361 F.2d 43, 48.

In excluding this type of jurisdiction Massachusetts may well have wished not *to concern itself with disputes in which it had no interest in the subject matter,* and where suit would be presumptively inconvenient, if not unfair, to parties and witnesses. Since we hold as a matter of construction that this is what the statute accomplished, we need not reach constitutional questions that we will later deal with in Seymour v. Parke, Davis & Co., 1 Cir., No. 7309, March 27, 1970.

Affirmed.

---

3. Our citation of this case does not pass on the court's constitutional views.