UNICO INDUSTRIAL CORP. et al.,
Plaintiffs,

v.

S.S. ANDROS CITY, her engines, boilers,
etc. and Oceanic Freight Carriers
Corp., Defendant.

No. 70 Civ. 3087.

United States District Court,
S. D. New York.

March 16, 1971.

Hill, Rivkins, Warburton, McGowan & Carey, New York City, for plaintiffs; Peter W. Flanagan, New York City, of counsel.

Healy & Baillie, New York City, for defendant; Allan A. Baillie, New York City, of counsel.

EDWARD WEINFELD, District Judge.

The defendant moves pursuant to 28 U.S.C., section 1404(a) for an order transferring this action to the Eastern District of Louisiana for the convenience of the parties and witnesses and in the interest of justice. The action arises out of a collision off the coast of Louisiana on or about July 20, 1969, between the S. S. Andros City, owned by the defendant Oceanic Freight Carriers Corp., and the S. S. Sian Yung, owned by the Chinese Maritime Trust Ltd., which has not yet been joined as a party. Plaintiffs allege they were the owners of cargo carried by the Sian Yung at the time of the collision and as a result "sustained severe loss and/or damage and became subject to various liens and charges, including charges for salvage, General Average sacrifices and expenses, special charges and incidental expenses."

The facts presented on this application strongly favor a transfer. Neither party is a resident of New York. Apart from the fact that the collision occurred off the coast of Louisiana, both vessels, the Sian Yung and the Andros City, underwent extensive repairs in New Orleans, and general average disbursements were incurred in that area. Moreover, a question is raised as to whether the defendant was subject to service of process in this district, an issue which defendant intends

to press if the transfer is not granted; whereas defendant concedes it is amenable to process in the Eastern District of Louisiana, to which transfer is sought. The only connections with this district are the respective places of business of the defendant's shipping agent and plaintiffs' attorneys. The agent is not a party to the action and the location of its office is irrelevant to the transfer issue.[1] The residence of plaintiffs' counsel, moreover, is insufficient in itself to establish New York as a proper forum in the light of other factors favoring transfer.[2]

Also militating in favor of transfer is the pendency in the Eastern District of Louisiana of three related actions arising out of the same collision. In at least two of those actions, the issue of the defendant's liability will be determined on the same facts as those alleged in the instant complaint, since the Louisiana actions have been brought against the same defendant by other owners of cargo carried by the Sian Yung. It also appears that under an applicable Louisiana statute service of process of a third-party complaint may be effected upon Chinese Maritime Trust Ltd., whereas there is doubt that it is amenable to process in this district. It is desirable that the owners of the Sian Yung should be brought into this action, just as they are parties in the other three actions pending in the proposed transferee district.

In the absence of compelling circumstances to the contrary, an action should be transferred to the district where related actions have been brought, since "[t]here is a strong policy favoring the litigation of related claims in the same tribunal. * * *"[3] No such compelling circumstances exist here. The principal witnesses are seamen whose depositions have already been taken and who, plaintiffs concede, will require no further examination. Even if other seamen were to be called as witnesses at trial, their residence would have no bearing on the choice of forum because of the nature of their occupation.[4] Plaintiffs' contention that they will be inconvenienced upon transfer because they will lose the opportunity to examine the defendant's agent in New York can be presented to the transferee court for whatever relief, if any, may be appropriate.[5] Finally, plaintiffs' claim that their selection of a forum is entitled to great weight is erroneous, particularly when no judicially recognized circumstances have been shown to exist which would justify that choice.[6]

The motion to transfer is granted.

---

1. *Cf.* St. Paul Fire & Marine Ins. Co. v. American Mail Line, Ltd., 94 F.Supp. 28 (S.D.N.Y.1950).

2. *See* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Saraf v. Chatham Carpet Mills, Inc., 275 F.Supp. 951, 952 (S.D.N.Y. 1967); Faucette v. Lykes Bros. S. S. Co., 110 F.Supp. 287, 288 (S.D.N.Y. 1953); Ortiz v. Union Oil Co. of Calif., 102 F.Supp. 492, 493–494 (S.D.N.Y. 1952).

3. Schneider v. Sears, 265 F.Supp. 257, 266–267 (S.D.N.Y.1967); Freiman v. Texas Gulf Sulphur Co., 38 F.R.D. 336 (N.D.Ill.1965); Axe-Houghton Fund A, Inc. v. Atlantic Research Corp., 227 F. Supp. 521, 523 (S.D.N.Y.1964); Rodgers v. Northwest Airlines, Inc., 202 F.Supp. 309, 312 (S.D.N.Y.1962); Cressman v. United Airlines, 158 F.Supp. 404, 407 (S.D.N.Y.1958).

4. McFarlin v. Alcoa S. S. Co., 210 F. Supp. 793, 795 (E.D.Pa.1962); Medich v. American Oil Co., 177 F.Supp. 682, 683 (E.D.Pa.1959).

5. Schneider v. Sears, 265 F.Supp. 257, 267 (S.D.N.Y.1967); *see also* Sher v. Johnston, 216 F.Supp. 123, 124 (S.D. N.Y.1963).

6. *See* Norwood v. Kilpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1965); A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 444–445 (2d Cir. 1966); Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 267 F.Supp. 938, 941–942 (S.D.N.Y.1967); Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744, 754 (S.D.N.Y.1966); Polaroid Corp. v. Casselman, 213 F.Supp. 379, 381 (S.D.N.Y.1962).