**SALES ARM, INC., Plaintiff,**

v.

**AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, a Foreign Corporation, et al., Defendants.**

**No. 75 CIV. 87 (MP).**

United States District Court,
S. D. New York.

Oct. 22, 1975.

Carl F. Nitto, Passaic, N. J., for plaintiff.

MacDonald, Halsted & Laybourne by Richard G. Osborn, Los Angeles, Cal., and Rogers, Hoge & Hills by Frederick A. Nicoll, for defendant Automobile Club.

Gold, Farrell & Marks, New York City, for defendants McClintock and Taller.

## OPINION

POLLACK, District Judge.

The defendant, Automobile Club of Southern California, was served with a copy of the summons and complaint herein in Los Angeles, California, and moves to dismiss this suit for absence of personal jurisdiction over it by this Court pursuant to Rule 12(b)(2), (3), Fed.R.Civ.P., or in the alternative, for an order pursuant to 28 U.S.C. § 1404(a) transferring this action to the United States District Court for the Central District of California upon the grounds that the convenience of the parties and witnesses and the interests of justice would be served by such transfer.

On the return date of the said defendant's motion the Court directed that consideration thereof be held in abeyance pending receipt of an evidentiary record to be established by the parties by deposition and discovery on the issues, only, of personal jurisdiction and convenience of forum. Such an evidentiary record has been developed and has been submitted hereon.

The plaintiff is a national marketing organization incorporated in New York and is qualified to do and has been and is doing business in California at its western offices in Los Angeles, California where it had and has staff to handle its business. It sues for compensation said to be due it on advertising contacts solicited for the magazine, Westways, which the Club publishes and distributes to its members. The business connections of plaintiff with the Club were terminated in 1974. A second count in the complaint asserts an alleged conspiracy of the defendants to interfere with plaintiff's former contractual relationship with the Club.

The Club is a non-profit California membership corporation located in Los Angeles, California. Its principal activity is providing motoring related services to its nearly 400,000 members, nearly all of whom are required to be or become residents of Southern California. The nature of the Club's activities is of prime significance here. It does not conduct business in the usual commercial sense. It services the California auto disability needs of its California subscribers who require road and map service for their cars when breakdown or service needs occur. It has no "business" to transact in New York in any commercial sense.

The Club's co-defendants on the second count are a successor to the plaintiff, McClintock Associates, Inc., a California corporation, which is in the business of soliciting advertising and Mr. Robert Taller, an employee of McClintock and former employee of the plaintiff's California office and a resident of Los Angeles, California. Neither of these co-defendants is amenable to services of process in New York; long-arm service attempted on McClintock was vacated heretofore.

Plaintiff conceded in open Court and the evidence submitted establishes beyond peradventure of doubt that the Club has not "transacted business" within the contemplation of N.Y. CPLR § 302(a)(1) in New York. *See Haar v. Armendaris Corp.*, 31 N.Y.2d 1040, 342 N.Y.S.2d 70, 294 N.E.2d 855 (1973). The plaintiff's principal remaining contention to sustain its claim that this Court has personal jurisdiction over the Club is that the Club is "doing business" (i. e., has and is engaged in a continuous course of dealings) in New York. This contention in turn is largely posited on the notion that plaintiff was an agent, in the employee sense, of the Club in New York. There is no factual basis

for this contention. Indeed, the agreement of the parties stated explicitly:

Nothing in this agreement shall be construed to create a joint venture between the parties hereto. Representative [plaintiff] is not an employee of Westways, the Automobile Club of Southern California or the Inter-Insurance Exchange of the Automobile Club of Southern California, and shall enjoy the status of an independent contractor subject to his own management and control.

■ The plaintiff was an independent contractor, not an employee of the Club or its agent. The plaintiff was paid by a commission, employed and managed its own salesmen, including a sales manager, maintained its own offices in California and paid all its own expenses.

Plaintiff by contract was obligated to maintain an office in Los Angeles. The traffic division function of its marketing work, a key in the relationship, was staffed and handled and supervised in Los Angeles by the plaintiff. This function embraced the processing of all advertising contracts and insertion orders; monthly invoicing to the auto club; maintenance of advertising promotional lists; and reporting to plaintiff's California office manager.

The voluminous evidentiary record now before the Court makes very clear that the Club was and is not engaged in "doing business" in New York either directly or indirectly through any agent or employee. *Delagi v. Volkswagenwerk AG of Wolfsburg*, 29 N.Y.2d 426, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972); *Miller v. Surf Properties*, 4 N.Y.2d 475, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958). The Club is not qualified to do business here; it has no office or property owned, leased or occupied or possessed in New York; its only offices are in California. *See Bryant v. Finnish National Airline*, 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439 (1965). The Club does not pay income or property taxes to the State of New York. It does not have or retain employees or agents for any purpose in New York. It owns no interest in and is not in privity of contract with any New York auto club. The Club exists to provide services to Californians and does not solicit or offer membership to non-residents. All advertising insertion orders and contracts solicited by the plaintiff in New York or outside of California were subject to acceptance by the Club in California, not New York, and there has been no change in this procedure with the advent of the relationship of the Club with McClintock.

■ Looking at the totality of the Club's activities within the forum as eked out by the plaintiff's papers, no purposeful acts were or are performed in New York by the Club. Its contacts here are and always were negligible and no injury to the plaintiff occurred in New York. Considering the character of the Club, its Southern California membership, its dominant purpose and functions, this is hardly surprising. The Club is not subject to service under New York's "doing business" statute. CPLR § 301.

■ In addition, with respect to the conspiracy count of the complaint, the claim of personal jurisdiction under N.Y. CPLR § 302(a)(3) must fail because there has been no injury suffered in New York to bring the case into New York under the statute. The place of injury, for the purposes of § 302(a)(3), is where the business is lost, i. e., where the customers are located, rather than where the injured company is domiciled. *American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.*, 439 F.2d 428 (2d Cir. 1971). In this case the customer lost was the Auto Club, which has already been shown to be located in California.

On such findings, a suit such as this could be terminated by dismissal. However, even if some fine thread of personal jurisdiction could have been spelled out here, the evidence is overwhelming that for the convenience of parties and

witnesses and in the interests of justice, the Court would, in exercise of its discretion, transfer this case to the Central District of California where it might have been brought. The balance of convenience weighs heavily in favor of such a transfer.

In *Goldlawr v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) the Pennsylvania District Court found a lack of personal jurisdiction over certain defendants because they were neither inhabitants of, "found" in, nor transacting business in Pennsylvania. That Court refused to dismiss the action as to those defendants, however, choosing instead to use its authority under 28 U.S.C. § 1406(a) to transfer the action to the Southern District of New York where the said defendants could be found and where they transacted business. Venue in New York was therefore proper and personal jurisdiction could be obtained over the defendants there. Those defendants appeared in New York District Court and moved to have the case dismissed by that Court on the ground that the Pennsylvania District Court had not had personal jurisdiction over them, and lacking such personal jurisdiction, it had no power under Section 1406(a) to transfer the action. The New York District Court granted this motion on the ground asserted and the Court of Appeals for the Second Circuit, by a divided Court, affirmed on the same ground. Following the grant of certiorari, the Supreme Court reversed (5 to 2).

28 U.S.C. § 1406(a) provides that

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The Supreme Court in *Goldlawr* ruled that

Nothing in that language indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. (at 465, 82 S.Ct. at 915)

\*　　\*　　\*　　\*　　\*　　\*

The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. (at 466, 82 S.Ct. at 916)

In explanation of the statute Mr. Justice Black wrote for the Court in *Goldlawr* that

The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn. (at 466, 82 S. Ct. at 915)

█ Under § 1046(a), according to the *Goldlawr* opinion, and under § 1404(a), by analogy to *Goldlawr*, venue may be transferred even if personal jurisdiction is lacking. Plaintiff cannot complain because it has not suffered the dismissal it deserves. *Schiller v. Mit-Clip Co., Inc.*, 180 F.2d 654, 655 (2d Cir. 1950). At all events, even if personal jurisdiction could arguably be sustained, the Court would unhestitatingly transfer the case under § 1404(a) to the Central District of California.[1]

█ The Court has assayed the evidence relating to the convenience of the

---

1. This Court's disclaimer of the power to transfer under § 1404(a) where personal jurisdiction is absent, in *Total Sound, Inc. v. Universal Record Distributing Corporation*, 286 F.Supp. 123 (S.D.N.Y.1968), a disclaimer made in reliance on earlier cases in this District, failed to take cognizance of the alternative under the Supreme Court's interpretation of 28 U.S.C. § 1406(a) which was not called to its attention.

parties and witnesses, the relative ease of access to sources of proof, the availability of process to compel attendance of unwilling essential witnesses, the costs of obtaining willing witnesses and the overall interests of justice. Consideration of these factors in the totality of the facts and circumstances of this case clearly requires that this action be transferred to the Central District of California and it is so ordered.

The Clerk is hereby directed to forward all papers and the files herein to the Clerk of the Central District of California.

So ordered.