**VOLK CORPORATION, Plaintiff,**

v.

**ART–PAK CLIP ART SERVICE et al., Defendants.**

No. 77 Civ. 16.

United States District Court,
S. D. New York.

May 9, 1977.

Darby & Darby, P. C., New York City, for plaintiff; Michael J. Sweedler, Edward Manzo, New York City, of counsel.

Friedman, Goodman & Teitelbaum, Brooklyn, N. Y., for defendants; Abraham Friedman, Abraham Goodman, Brooklyn, N. Y., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

In this action for copyright infringement the defendants move to dismiss the complaint pursuant to Rules 12(b)(2) and (b)(3), Fed.R.Civ.P., for lack of personal jurisdiction and improper venue; alternatively, they move to transfer the case to the Central District of California pursuant to 28 U.S.C., section 1404(a) or section 1406(a). The plaintiff, a New Jersey corporation with its principal place of business in that state, alleges that it sells copyrighted drawings, called "clip art," to various organizations, which use them to prepare advertisements and other commercial art. It further alleges that the defendants, a resident of California and a sole proprietorship he operates,[1] have infringed plaintiff's copyrights by photographically reproducing the art work and selling it in direct competition with plaintiff.

In support of the motions, defendants state that they maintain no office or other place of business in New York, and have no representatives or agents here. Defendants conduct their business by printing, in California, brochures offering the allegedly infringing art for sale, and mailing those brochures to selected customers in various states, including New York. The customers mail back order forms with advance payment, and the "clip art" books are sent to them by mail or United Parcel Service. The defendants claim that approximately thirty per cent of their business is conducted within the State of California, and that only four per cent consists of sales to New York customers. Service of process was effected on defendant's wife, apparently in California.

■■■ Whether there is personal jurisdiction over the defendants,[2] and whether ven-

---

1. A third defendant has not yet been served. The other defendants aver that he is not affiliated with the alleged infringers.

2. Plaintiff bases jurisdiction upon the New York long-arm statute, N.Y.C.P.L.R. § 302 (McKinney 1972), claiming that defendants' so-licitation of business in and shipment of goods to New York constitute transacting business within the state, and that by mailing allegedly infringing "clip art" into the state, defendants have committed a tortious act either within the state or without it but foreseeably causing injury within the state. Defendants argue that

ue is proper in this district,[3] raise substantial questions. However, the Court need not resolve them, since it has power to transfer the case even if there is no personal jurisdiction over the defendants,[4] and whether or not venue is proper in this district,[5] if a transfer would be in the interest of justice. Applying the relevant standards,[6] the Court has determined that this action should be transferred to the Central District of California.[7]

The major issue in this case will be whether or not defendants have infringed plaintiff's copyrighted art work. The defendants and all their business records are

---

these actions are not constitutionally sufficient to subject them to jurisdiction in New York. *See Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Although personal jurisdiction in federal question cases is a matter of federal, not state, law, *see Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974); *PPS, Inc. v. Jewelry Sales Representatives, Inc.*, 392 F.Supp. 375, 379 (S.D.N.Y.1975), and cases cited at n.9 therein; *cf. Holt v. Klosters Rederi A/S*, 355 F.Supp. 354, 356–58 (W.D. Mich.1973); *Edward J. Moriarty & Co. v. General Tire & Rubber Co.*, 289 F.Supp. 381, 389–90 (S.D.Ohio 1967), service of process must be made in accordance with the New York long-arm statute since Congress has not provided nationwide service of process in copyright cases. Rule 4, Fed.R.Civ.P.; *compare* § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. It is not clear whether New York courts would find defendants' activities within New York sufficient to authorize long-arm service. *Compare Transamerica Corp. v. Transfer Planning, Inc.*, 419 F.Supp. 1261 (S.D.N.Y. 1976); *Honda Assoc., Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 888–89 (S.D.N.Y.1974); *State by Lefkowitz v. Colorado State Christian College*, 76 Misc.2d 50, 346 N.Y.S.2d 482 (Sup. Ct.1973); *with Boltons Trading Corp. v. Killiam*, 320 F.Supp. 1182 (S.D.N.Y.1970); *Standard Wine & Liquor Co. v. Bombay Spirits Co.*, 20 N.Y.2d 13, 281 N.Y.S.2d 299, 228 N.E.2d 367 (1967); *Kramer v. Vogl*, 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966); *cf. McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 383, 283 N.Y.S.2d 34, 38, 229 N.E.2d 604, 607–08 (1967); 1 J. Weinstein, H. Korn & A. Miller, New York Civil Practice ¶ 302.10, at 3–103–05 (1976).

3. Venue in copyright cases is governed by 28 U.S.C. § 1400(a), which provides that
   Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found.
   It is undisputed that defendants reside in the Central District of California. Defendants argue that, unlike a *corporation which is "found"* in any district in which it is subject to *in personam* jurisdiction, *see, e. g., Mode Art Jew-*

*elers Co. v. Expansion Jewelers Ltd.*, 409 F.Supp. 921, 923 (S.D.N.Y.1976); *Houghton Mifflin Co. v. National Computer Systems, Inc.*, 378 F.Supp. 592, 593 (S.D.N.Y.1974); *Boltons Trading Corp. v. Killiam*, 320 F.Supp. 1182, 1183 (S.D.N.Y.1970); *Gauvreau v. Warner Bros. Pictures, Inc.*, 178 F.Supp. 510, 511 (S.D. N.Y.1958), a natural person is "found" only in a district in which he can physically be served with process. They cite two cases under the antitrust laws, *Braun v. Berenson*, 432 F.2d 538, 544–45 (5th Cir. 1970), and *International Bus. Coordinators, Inc. v. Aamco Automatic Transmissions, Inc.*, 305 F.Supp. 361 (S.D.N.Y. 1969), as well as two copyright cases which antedate the general use of "long-arm" statutes, *Geo-Physical Maps, Inc. v. Toycraft Corp.*, 162 F.Supp. 141 (S.D.N.Y.1958), and *McDevitt v. Dorsey*, 67 F.Supp. 818 (N.D.Ohio 1946). Whether these holdings are correct, in view of the fact that there is no apparent reason to differentiate between individuals and corporations, need not be decided. *Cf. Freeman v. Bee Machine Co.*, 319 U.S. 448, 454, 63 S.Ct. 1146, 1149, 87 L.Ed. 1509 (1943) (" 'found' in the venue sense does not necessarily mean physical presence").

4. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Taylor v. Love*, 415 F.2d 1118 (6th Cir. 1969), *cert. denied*, 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970); *Mayo Clinic v. Kaiser*, 383 F.2d 653 (8th Cir. 1967); *Dubin v. United States*, 380 F.2d 813, 814 n.2 (5th Cir. 1967); *United States v. Berkowitz*, 328 F.2d 358 (3d Cir.), *cert. denied*, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Sales Arm, Inc. v. Automobile Club of Southern Calif.*, 402 F.Supp. 763, 767–68 (S.D.N.Y.1975); *cf. Berkshire Int'l Corp. v. Alba-Waldensian, Inc.*, 352 F.Supp. 831, 832–33 (S.D.N.Y.1972).

5. 28 U.S.C. §§ 1404(a), 1406(a).

6. *See Schneider v. Sears*, 265 F.Supp. 257 (S.D. N.Y.1967); *Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung*, 250 F.Supp. 744, 754 (S.D. N.Y.1966).

7. Since the defendant resides in the Central District of California, there is no question that the action might have been brought there. *See* 28 U.S.C. § 1400(a), n.3 *supra.*

located in California, and the alleged infringing art work is printed there. Further, the defendants state that their defense will be based upon a claim that their "clip art" was copied, in California, from publications bearing no copyright notice. Thus it is apparent that the principal witnesses and evidence on the central issue of this case are located in California. Moreover, if plaintiff ultimately prevails and the defendants are required to account to the plaintiff, as requested in the complaint, all relevant books and records are located in California.

By contrast, none of the parties or relevant witnesses has any connection with this district. The only relationship this case has with New York is that some of the alleged infringing items were mailed into the state. However, they were mailed to other states as well, including California. Plaintiff can more easily prove infringement in the Central District of California, where the actual copying took place. The only apparent reason for choosing to bring this litigation in New York is the presence here of plaintiff's attorneys, an unimportant factor.[8] Under these circumstances, plaintiff's choice of forum should be given little, if any, weight.[9] Finally, a factor which is of some significance,[10] the Court takes notice of the fact that the median time for disposition of civil cases is substantially shorter in the Central District of California than in the Southern District of New York.[11] In short, the balance of convenience in this litigation tips decidedly toward California, and the convenience of parties and witnesses and the interest of justice would be served by a transfer there even if venue is proper here. *A fortiori,* if venue is not proper here, a transfer is appropriate, since justice would not be served by dismissing the complaint and requiring commencement of a new action. Accordingly, the Court orders the litigation transferred to the Central District of California.

So ordered.

8. *See Xerox Corp. v. Litton Indus., Inc.,* 353 F.Supp. 412, 415–16 (S.D.N.Y.1973); *Unico Indus. Corp. v. S.S. Andros City,* 323 F.Supp. 896, 897 (S.D.N.Y.1971); *Saraf v. Chatham Carpet Mills, Inc.,* 275 F.Supp. 951, 952 (S.D.N.Y. 1967).

9. *Xerox Corp. v. Litton Indus., Inc.,* 353 F.Supp. 412, 416 (S.D.N.Y.1973); *Faigenbaum Mach., Inc. v. Scott & Williams, Inc.,* 344 F.Supp. 1267, 1271 (S.D.N.Y.1972); *Unico Indus. Corp. v. S.S. Andros City,* 323 F.Supp. 896, 897 & n.6 (S.D.N.Y.1971); *cf. Norwood v. Kirk-patrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

10. *See Parsons v. Chesapeake & O. Ry.,* 375 U.S. 71, 73, 84 S.Ct. 185, 11 L.Ed.2d 137 (1963); *A. Olinick & Sons v. Dempster Bros., Inc.,* 365 F.2d 439, 445 (2d Cir. 1966); *Hy-Gain Elec. Corp. v. Conrac Corp.,* 418 F.Supp. 582, 584 (S.D.N.Y.1976).

11. 1976 Annual Report of the Director, Administrative Office of the United States Courts, at I–28, I–29.