Edward SAHATJIAN, Plaintiff,

v.

WOODLETS, INC., Defendant.

Civ. A. No. 78–86–C.

United States District Court, D. Massachusetts.

March 16, 1979.

Norman J. Richards, Lexington, Mass., for plaintiff.

Laurence M. Johnson, Palmer & Dodge, Boston, Mass., for defendant; Thomas F. Segalla, Saperston, Day & Radler, Buffalo, N. Y., of counsel.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

This is a contract action brought by plaintiff, Edward Sahatjian, against defendant,

Woodlets, Inc. Plaintiff is a Massachusetts resident. Defendant is a Delaware corporation with its principal place of business in Buffalo, New York. Jurisdiction is invoked under 28 U.S.C.A. § 1332.

■ Defendant has moved to dismiss the action for lack of personal jurisdiction. Both parties have submitted affidavits which are relevant to the question of the Court's jurisdiction and which, therefore, may be considered. *Jackson v. Sargent*, 394 F.Supp. 162, 165 n.1 (D.Mass.1975). For the purposes of this motion, the following facts are not in substantial dispute.

Sahatjian and Woodlets negotiated an employment agreement in New York. Woodlets then executed this Sales Representation Agreement in New York and mailed it to plaintiff at his residence in Massachusetts for execution by him. By that agreement, plaintiff became a Regional Manager for Woodlets in Massachusetts, Maine, New Hampshire, Vermont, Rhode Island and Connecticut. The agreement provided that plaintiff would solicit sales from customers in his territory and submit those orders to Woodlets for rejection or acceptance in New York. Deliveries were to be direct to customers and payment by customers was to be direct to Woodlets' office in New York. Plaintiff would receive draws against actual commissions earned. Woodlets promised not to employ anyone else to render similar services in plaintiff's territory, to refer to plaintiff all inquiries, orders and correspondence it received, which originated in plaintiff's territory, and to credit plaintiff's account with any orders received by Woodlets from plaintiff's territory. The agreement could be terminated by either party by mailing written notice.

From January 1, 1970 until February, 1977, plaintiff solicited sales from customers located in Massachusetts and the other states in his territory. On or about January 1, 1977, Woodlets decided to change its sales methods from the use of salesmen to the use of independent sales agents. On February 15, 1977, Woodlets terminated plaintiff's employment, effective March 31, 1977.

Plaintiff alleges in his complaint that Woodlets failed to terminate his employment in accordance with the employment agreement. He further alleges that, from 1970 to the time of filing this suit, Woodlets employed other salesmen and made direct sales in his territory, and that Woodlets failed to credit those sales to his account with Woodlets, all in violation of its agreement with plaintiff.

■ The law is well-settled that the law of the forum state determines the amenability of a foreign corporation to suit in a diversity action in federal court. *E. g., Caso v. Lafayette Radio Electronics Corp.*, 370 F.2d 707 (1st Cir. 1966). The Massachusetts long-arm statute, Mass.Gen.Laws ch. 223A, § 3(a), provides a Massachusetts court "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action . . . arising from the person's (a) transacting any business in this commonwealth; . . ."

Defendant contends that Mass.Gen.Laws ch. 223A, § 3(a) does not afford this Court with *in personam* jurisdiction since plaintiff's cause of action arises out of his employment contract with Woodlets, and not out of Woodlets transacting any business in Massachusetts.

■ The function of the long-arm statute is to permit Massachusetts to assert jurisdiction over the person to limits allowed by the Constitution of the United States. *Automatic Sprinkler Corp. of America v. Seneca Foods Corp.*, 361 Mass. 441, 443, 280 N.E.2d 423 (1972). In *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny, the United States Supreme Court has defined those limits to require "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 280 N.E.2d at 425 (quoting in part from *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). That is to say, there must be "some act by which the defendant purposefully avails itself of the privilege of con-

ducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

■ The facts stated in the affidavits as to Woodlets' contacts with Massachusetts are not disputed. Woodlets has not appointed an agent for the acceptance of service of process within Massachusetts, nor has it obtained authorization to do business in Massachusetts. Woodlets has no place of business in Massachusetts, has no telephone listing in Massachusetts, and owns no real or personal property in Massachusetts.

Woodlets did, however, solicit sales of various products from customers located within Massachusetts. For approximately seven years, Woodlets sent plaintiff into Massachusetts to solicit sales for Woodlets in accordance with their employment contract. It is clear that under that contract Woodlets retained sufficient control to make plaintiff its agent. Acting through its agent, Woodlets affirmatively sought business in Massachusetts. It follows, therefore, that Woodlets' contacts with Massachusetts were sufficiently voluntary to meet the *Hanson* standard. *See Vencedor Manufacturing Co., Inc. v. Gougler Industries*, 557 F.2d 886, 891 (1st Cir. 1977).

■ I note, parenthetically, that by purposefully availing itself of the privilege of conducting activities within Massachusetts, Woodlets should have known that it might be subject to suit in Massachusetts for claims arising from those activities. If plaintiff had failed to meet its obligations under the contract, Woodlets could have sued in Massachusetts courts, and, in so doing, obtain "[t]he primary benefit that any nonresident corporation seeks from the law of a foreign state . . . [that is] enforcement of the contracts it has made with that state's residents." *Vencedor Manufacturing Co. v. Gougler Industries, supra* at 892.

■ Within the constitutional framework, a court must also consider the connection between the contacts and the cause of action. *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1083 (1st Cir. 1973); *Singer v. Piaggio & Co.*, 420 F.2d 679, 681 (1st Cir. 1970). The Massachusetts long-arm statute specifically requires that the cause of action must arise out of the transacting of any business within Massachusetts before a court can acquire *in personam* jurisdiction over a foreign corporation. *Singer v. Piaggio & Co., supra.*

■ In determining whether plaintiff's claim is connected to Woodlets' activities within Massachusetts, I am mindful that the plaintiff has the burden of establishing the facts upon which the question of personal jurisdiction over a defendant is to be determined. *See, e. g., KVOS, Inc. v. Associated Press*, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936); *Aro Manufacturing v. Automobile Body Research Corp.*, 352 F.2d 400 (1st Cir. 1965), *cert. denied*, 383 U.S. 947, 86 S.Ct. 1190, 16 L.Ed.2d 210 (1966).

■■ The facts set forth in the affidavits relating to this issue are unclear and disputed. Plaintiff avers in a very conclusory manner that the alleged breach occurred in part when Woodlets employed other salesmen in Massachusetts and failed to credit his account with these sales. Defendant states that it did not employ any other salesmen between 1970 and 1976, but, in answers to interrogatories propounded by plaintiff to defendant, Woodlets states that it employed two sales agents in 1977 and that these agents received commissions. These agents were either employed by or authorized by Woodlets to sell the same products as sold by plaintiff in Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island and Vermont. Insofar as the record fails to establish whether these agents were employed prior to termination of plaintiff's contract, the operative facts of the controversy may be connected to defendant's transacting business through agents other than plaintiff, and, therefore, plaintiff appears to state a cause of action arising from Woodlets transacting business in Massachusetts.

Plaintiff also appears to claim that Woodlets breached its contract with plaintiff by making direct sales via Pharmasol Corporation, a Massachusetts corporation. Defendant states in its answers to plaintiff's interrogatories that Pharmasol is a supplier of defendant and distributed products to at least eighteen places of business in Massachusetts. I cannot say, on the basis of the record thus far developed, that Woodlets' relationship with Pharmasol is not a consequential act having no legal significance in plaintiff's contract action.

Some of the obligations of the parties under the employment agreement required performance in Massachusetts. It is those activities of defendant in Massachusetts that plaintiff claims violated defendant's obligation under that contract. The contentions raised in plaintiff's complaint bring into question issues of fact and law pertaining to the dealings of Woodlets in Massachusetts. Accordingly, the contract sued upon was sufficiently connected with the forum to permit the exercise of jurisdiction over the defendant.

In so ruling, I make no determination under 28 U.S.C.A. § 1404(a) as to whether this district is an appropriate forum as that issue is not raised or considered here.

Because I find jurisdiction over Woodlets under Mass.Gen.Laws ch. 223A, § 3(a), it is unnecessary to consider plaintiff's contention that Woodlets is subject to suit under Mass.Gen.Laws ch. 223A, § 3(b).

The motion to dismiss is denied.