CHESCO COMPANY, INC. and N.G. International, Inc., Plaintiffs,

v.

NATIONAL GYPSUM COMPANY, Defendant.

No. 86 C 0322.

United States District Court, E.D. New York.

Dec. 17, 1986.

---

Peter G. Eikenberry, New York City, for plaintiffs.

Kaye, Scholer, Fierman, Hays & Handler, New York City (Robert Fracasso, of counsel), for defendant.

### MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiffs Chesco Company, Inc. (Chesco) and N.G. International, Inc. (N.G. International), both New York corporations, brought this action against defendant National Gypsum Company (National Gypsum), a Delaware corporation, invoking diversity jurisdiction and seeking recovery of overpayments by plaintiffs on invoices of American Olean Tile Company (American Olean), a New York corporation and a wholly owned subsidiary of National Gypsum.

National Gypsum has moved to dismiss pursuant to rules 12(b)(6), 12(b)(7) and 19(b) of the Federal Rules of Civil Procedure, contending that (a) the complaint states a claim only against American Olean and not against National Gypsum, (b) in any event American Olean is an indispensable party, and (c) even if the corporate separateness of National Gypsum and American Olean were disregarded, there would be no diversity of citizenship. Both parties have submitted affidavits.

■ In substance the complaint makes the following allegations. For some years Chesco and its predecessors were exporters of American Olean products. In 1974 Chesco agreed with American Olean to create a contingency fund by making overpayments on American Olean invoices, thus giving assurance against credit losses. Chesco and American Olean subsequently entered into a written agreement governing their export agency relationship in December 1975. All overpayments were made to and held by American Olean.

In 1981 National Gypsum proposed that Chesco become export representative of certain products made by National Gypsum (and not by American Olean) and that Chesco adopt a new name so as to be more closely identified with National Gypsum. The owners of Chesco thus organized N.G. International, with which National Gypsum contracted. Thereafter American Olean also began to use N.G. International as its export representative. On American Olean invoices, N.G. International continued Chesco's practice of making overpayments.

In March 1985 National Gypsum terminated in accordance with their terms the agreements of National Gypsum and American Olean with N.G. International and Chesco. Plaintiffs demand return of the balance of the overpayments, said to constitute some $325,000, and claim they have not been paid.

Plaintiffs admit that all overpayments were made solely to American Olean. They urge, however, that the court should ignore the separate corporate entities of American Olean and National Gypsum. The court can find no reason in policy why it should do so. No doubt plaintiffs prefer to litigate in a federal court, and the addition of American Olean would destroy diversity jurisdiction. But that is hardly a justification for disregarding the corporate forms.

There is no suggestion that American Olean is unable to pay any judgment or that it was used as an instrument to perpetrate or conceal a fraud or to accomplish some other form of injustice. *See generally Kashfi v. Phibro-Salomon, Inc.*, 628 F.Supp. 727, 732–35 (S.D.N.Y.1986).

■ Even if the court assumes that American Olean and National Gypsum are one corporate entity, the court would dismiss for lack of complete diversity of citizenship. At least in the situation where a New York plaintiff has dealt with a New York subsidiary of an out of state corporation and where that subsidiary has not been employed to overreach, there is no reason to construe 28 U.S.C. § 1332 to make a federal forum available for purely local litigation. Under 28 U.S.C. § 1332(c) a corporation is deemed a citizen "of any State by which it has been incorporated...."

Under the circumstances of this case if American Olean and National Gypsum are deemed to be one corporate entity, that one

entity may be deemed to have been incorporated in New York as well as Delaware. The court would thus not have diversity jurisdiction.

Although this point does not appear to have been addressed by the Court of Appeals for this Circuit, a similar result was reached in *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556–59 (5th Cir. 1985), and *Barnett v. Borg-Warner Acceptance Corp.*, 488 F.Supp. 786, 794 (E.D. Ark.1980).

The complaint is dismissed. So ordered.