**Karen LEVY, Plaintiff,**

v.

**PLASTOCKS, INC., Defendant.**

**No. 87 Civ. 5882 (JES).**

United States District Court,
S.D. New York.

Sept. 10, 1990.

Phyllis C. Solomon, New York City, for plaintiff.

Campbell, McMillan, Bosco, Penzel, Danzig & Maker, New Rochelle, N.Y., for defendant; Richard A. Danzig, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff, a citizen of New York, brings this diversity action, *see* 28 U.S.C. § 1332 (1988), to enforce a judgment of divorce against Plastocks, Inc., a Delaware corporation. Presently before the Court is defendant's motion to dismiss the complaint for lack of personal and subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1), (2). For the reasons set forth herein, the motion is granted.

## BACKGROUND

On October 2, 1984, a judgment of divorce was entered by default in plaintiff's favor against Allen Levy by the New York State Supreme Court. *See* Complaint ("Compl.") at ¶ 8, Ex. A. By the terms of that judgment, Allen Levy, who has lived in Texas since 1980, was ordered to transfer one half of his interest in Plastocks to the plaintiff, but has not complied with that order. *See id.* at ¶¶ 12, 13 & Ex. A; Plaintiff's Affidavit in Opposition to Motion to Dismiss Compl. ("Karen Aff.") at 1–2.

As a consequence, plaintiff brought the present action against Plastocks, seeking an order directing it to transfer Allen Levy's ownership interest to her. *See* Compl. at ¶¶ 4–5.[1] Plaintiff alleges that Plastocks is "doing business" in New York within the meaning of N.Y.Civ.Prac.L. & R. § 301 (McKinney 1990) because Harry Levy and Vinyl Masters, both concedely present in New York, have exercised *de facto* control over Plastocks and have ignored Plastocks' separate corporate existence.

The relevant facts, except where noted, are undisputed.[2] Plastocks was incorporated in Delaware on December 30, 1965 [3] for the purpose of holding shares of Vinyl Masters, Inc., a New York corporation with its principal place of business in Deer Park, New York. *See* Affidavit of Harry Levy ("Harry Aff.") (annexed to Def.'s Notice of Motion) at ¶¶ 5, 6. Plastocks has no other assets, no employees and never conducted any business other than holding the Vinyl Masters shares. *See id.* at ¶ 6; Karen Aff. at 2. These shares were transferred to Plastocks by their previous owner, Harry Levy, an officer and director of Vinyl Masters, as a gift to his sons, Allen and Peter Levy.[4] *See* Harry Aff. at ¶ 4. Each son

owns 1,000 shares of Plastocks and together they are the only Plastocks shareholders. *See id.* Moreover, Peter Levy is the president and Allen Levy is the secretary of Plastocks. *See* Affidavit of Peter Levy ("Peter Aff.") (annexed to Plastocks' Notice) at ¶ 17.[5]

However, even after the transfer of the Vinyl Masters shares to Plastocks, Vinyl Masters' tax returns continued to list Harry Levy as the owner of the Vinyl Master shares. *See* Karen Aff. at 5; Deposition of Harry Levy dated October 3, 1988 (annexed to Karen Aff. as Ex. C) at 15–16. Moreover, starting in 1977, after Plastocks was apparently dissolved for failing to pay its annual corporate franchise taxes, Harry Levy directed Plastocks' registered agent to forward Plastocks' tax returns to him so that his personal accountant could prepare and file the returns. *See* Karen Aff. at 5; Harry Aff. at ¶¶ 11–12. In fact, several of these returns referred to Harry Levy as a director and the president of Plastocks even though he apparently never officially held either position. *See* Karen Aff. at 5; Harry Aff. at ¶ 12. Moreover, Harry Levy paid all of Plastocks' outstanding taxes out of his personal funds. *See* Karen Aff. at 5; Harry Aff. at ¶ 12.[6]

1. On January 20, 1988, the Court entered a Default Judgment against defendant for failing to file an answer or otherwise appear in accordance with the Federal Rules. Subsequently, the Court granted defendant's motion to vacate the default, *see* Order dated June 13, 1988, and thereafter granted defendant leave to move to dismiss the complaint based on lack of personal jurisdiction. *See* Order dated November 21, 1988. The Court also granted the parties an opportunity to conduct discovery on that issue.

2. To defeat a motion to dismiss for lack of personal jurisdiction after discovery has been conducted, plaintiff must make a *prima facie* showing of jurisdiction including "an averment of facts that, if credited by the trier of fact, would suffice to establish jurisdiction over the defendant." *See Ball v. Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990).

3. According to the certificate of incorporation, Plastocks' principal place of business is located in Wilmington, Delaware, at the address of its registered agent, The Corporation Trust Company. *See* Certificate of Incorporation (annexed to Defendant's Notice of Motion to Dismiss Compl. ("Def.'s Notice of Motion") as Ex. D) at 1.

4. Plastocks presently owns 150 shares which represents one-half of the outstanding and issued shares of Vinyl Masters. The remaining 50% of Vinyl Masters is owned by Eugene Rassell and Franklin Edelson. *See* Deposition of Harry Levy dated February 29, 1988 (annexed to Karen Aff. as Ex. I) at 18–19.

5. Peter, Allen and their mother, Charlotte Levy, are the directors of Plastocks. Peter Levy is also a director of Vinyl Masters. *See* Peter Aff. at ¶ 17.

6. Plaintiff also alleges that Allen was an employee of Vinyl Masters although she did not know what position, if any, he held. Karen Aff. at 2–3. Defendant, however, contends that Allen never performed services for Vinyl Masters. Moreover, plaintiff alleges that Allen received a "salary" from Vinyl Masters until 1980 and apparently continues to be a member of Vinyl Masters' pension and medical insurance plans. However, in 1980, Allen was removed from Vinyl Masters' payroll on the advice of Harry Levy's accountant and the sums formerly paid to Allen Levy from Vinyl Masters were thereafter paid to Allen, and for a time to plaintiff,

## DISCUSSION

As mentioned above, *see supra* p. 2, plaintiff argues that the New York activities of Harry Levy and Vinyl Masters can be attributed to Plastocks because the record justifies piercing Plastocks' corporate veil. *Cf. Ferrante Equip. Co. v. Lasker–Goldman Corp.*, 26 N.Y.2d 280, 283, 258 N.E.2d 202, 204, 309 N.Y.S.2d 913, 916 (1970) (long-arm jurisdiction). However, in this case, the Court need not resolve the merits of that issue, because even assuming *arguendo* that the corporate veil could be pierced, this action would then have to be dismissed for lack of either subject matter or personal jurisdiction.

■ The thrust of plaintiff's argument is that Plastocks is the alter ego of Harry Levy and/or Vinyl Masters. However, even if that were true, Plastocks would then have to be deemed to have the same citizenship as that of Harry Levy and Vinyl Masters, *i.e.*, New York. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 557–59 (5th Cir.1985); *see also Kuehne & Nagel v. Geosource, Inc.*, 874 F.2d 283, 290–91 (5th Cir.1989); *Pyramid Securities, Ltd. v. Int'l Bank*, 726 F.Supp. 1377, 1386–87 (D.D.C.1989); *Chesco Co. v. National Gypsum Co.*, 649 F.Supp. 65, 66–67 (E.D.N.Y.1986); *cf. Publicker Indus. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1070–71 (3d Cir.1979). Since plaintiff is also a citizen of New York, complete diversity of citizenship would be lacking and this action would have to be dismissed. On the other hand, if Plastocks is not deemed to be the alter ego of Harry Levy and/or Vinyl Masters, then there being no other basis to find that it did business in New York, *see infra*, the action would have to be dismissed for lack of personal jurisdiction.

■ Plaintiff's argument that Plastocks may be charged with doing business in New York because Vinyl Masters is a

"mere department" of Plastocks, *see Delagi v. Volkswagenwerk*, 29 N.Y.2d 426, 431, 278 N.E.2d 895, 896–97, 328 N.Y.S.2d 653, 656 (1972), or that Vinyl Masters conducts business in New York as Plastocks' agent, *see Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, 538, 227 N.E.2d 851, 853, 281 N.Y.S.2d 41, 45, *cert. denied*, 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967), must also be rejected. Personal jurisdiction may be predicated on the "mere department" theory only where the related corporations have "nearly identical common ownership." *See Volkswagenwerk v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir.1984). Here, however, it is undisputed that two shareholders of Vinyl Masters, collectively owning 50% of that corporation, have absolutely no interest in Plastocks. *See supra* n. 4. Moreover, plaintiff's agency claim is not supported by any evidence other than Plastocks' status as a holding corporation. That circumstance alone is not a sufficient basis for the exercise of personal jurisdiction. *See Bellomo v. Pennsylvania Life Co.*, 488 F.Supp. 744, 746 (S.D.N.Y.1980) (where parent holding company is an investment mechanism, active subsidiary presumed not to conduct parent's business); *see also Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 774 n. 18 (5th Cir.1988).[7]

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed and the Clerk is directed to close the above-captioned action.

It is SO ORDERED.

---

out of Harry Levy's personal funds. *See id.* at 5; Harry Aff. at ¶¶ 7–10.

**7.** Since the Court has determined that it lacks either personal or subject matter jurisdiction over this matter, it need not address the issue of whether the Court should, as a matter of comity, stay this action pending the commencement of a state proceeding in light of the state's strong

interest and special competence in matrimonial matters. *See Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 516 (2d Cir. 1973). The Court also denies defendant's motion for Rule 11 sanctions because defendant's counsel abandoned that claim at Oral Argument.