Jeffrey D. KLEIN, M.D., Barbi Blaire Klein, Jeffrey D. Klein, M.D. and Barbi Blaire Klein as parents and natural guardians of Alexander Bennett Klein and Ian Daniel Klein, infants under the age of fourteen (14) years, Barbara Blumberg, Murrey Targownik, David Whitaker and Mary Lou Whitaker, Frank Brookfield, Eleanor Brookfield and Michelle Brookfield, Plaintiffs,

v.

MARRIOTT INTERNATIONAL, INC., Marriott International Services, Inc. and Marriott's Castle Harbour Resort, Defendants.

Nos. 98 Civ. 1591 WCC, 98 Civ. 2356 WCC, 98 Civ. 2357 WCC.

United States District Court, S.D. New York.

Jan. 20, 1999.

Clark, Gagliardi & Miller P.C., White Plains, New York, Henry G. Miller, Angela Morcone Giannini, of counsel, for plaintiffs.

Clausen Miller P.C., New York City, NY, Andrew M. Laskin, of counsel, for defendants.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

In these diversity actions, plaintiffs seek damages for personal injuries allegedly sustained as a result of drinking contaminated water while staying at a hotel in Bermuda. Presently before the Court is defendants' motion to dismiss the respective Complaints pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. In the alternative, defendants move to dismiss on the ground of *forum non conveniens*. For the reasons discussed below, defendants' motion is granted.

### BACKGROUND[1]

Defendant Marriott International Services, Ltd. ("Marriott Services"),[2] is a corporation organized and existing under the laws of Bermuda, with its principal place of business in Bermuda.[3]

Marriott Services manages, operates and does business as Marriott's Castle Harbour Resort, a resort hotel in Bermuda.[4] Defendant Marriott's Castle Harbour Resort (the

---

1. Facts pertaining to plaintiffs' citizenship are taken from their respective Complaints. Facts pertaining to defendants' citizenship (i.e. incorporation and principal place of business) and operations are taken from defendants' motion to dismiss and exhibits attached thereto as specified. *See Filetech S.A. v. France Telecom S.A.,* 157 F.3d 922, 932 (2d Cir.1998) (court may refer to evidence outside complaint, such as affidavits, to resolve disputed jurisdictional fact issues).

2. Marriott International Services, Ltd. was improperly sued under the name "Marriott International Services, Inc."

3. See Affidavit of Mark Conklin, annexed to Defendants' Memorandum in Support of Motion to Dismiss as Exhibit "B" ("Conklin Aff.") ¶¶ 2–3.

4. See Affidavit of David Abraham annexed to Defendants' Memorandum in Support of Motion to Dismiss as Exhibit "C" ("Abraham Aff.") ¶ 2; see also Conklin Aff. ¶ 1.

"Castle Harbour" or the "Hotel") is not a separate or independent legal entity.

Bermuda Properties Limited ("Bermuda Properties"), a Bermuda corporation not named as a defendant herein, owns the Hotel buildings and land upon which the Hotel is situated.[5]

Defendant Marriott International, Inc. ("Marriott International"), is a corporation organized and existing under the laws of the State of Delaware. Marriott Services is a wholly owned subsidiary of Marriott International. See Conklin Aff. ¶ 6.

Plaintiffs Jeffrey D. Klein, M.D., Barbi Blaire Klein, Alexander Bennett Klein, Ian Daniel Klein,[6] Barbara Blumberg, Murrey Targownik, Frank Brookfield, Eleanor Brookfield and Michelle Brookfield are residents and citizens of the State of New York, and were such at all times relevant to their Complaints.

Plaintiffs David Whitaker and Mary Lou Whitaker are residents and citizens of the State of New Jersey, and were such at all times relevant to their Complaint.

All plaintiffs were guests of the Hotel for different periods of time between February 14, 1998 and February 23, 1998. Plaintiffs claim that during their stay at the Hotel, they ingested contaminated water and became ill as a result. All Complaints allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is a diversity of citizenship between plaintiffs and defendants and the amounts in controversy exceed $75,000.00 exclusive of interest and costs.

Defendants now move to dismiss these actions for lack of subject matter jurisdiction on the ground that the amounts in controversy do not exceed $75,000, or, in the alternative, pursuant to the doctrine of *forum non conveniens.*

## DISCUSSION

■■■ Plaintiffs invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(3), which provides original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and are between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." The diversity statute must be strictly construed. *See Matimak Trading Co. v. Khalily,* 118 F.3d 76, 87 (2d Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 883, 139 L.Ed.2d 871 (1998). Further, when plaintiffs sue more than one defendant in a diversity action, the plaintiffs must meet the requirements of the diversity statute for each defendant or face dismissal. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Therefore, if a putative U.S. citizen joined as a defendant with foreign defendants pursuant to 28 U.S.C. § 1332(a)(3) is proven to be "stateless," complete diversity is destroyed and the Court must either dismiss the case in its entirety, or dismiss only the nondiverse party if he is dispensable and his dismissal would preserve the court's diversity jurisdiction. *See Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). The same action would be required if the U.S. citizen met the diversity requirement, but the foreign defendants proved not to qualify as "citizens or subjects of a foreign state" within the meaning of 28 U.S.C. § 1332(a)(3).[7]

■■■ Marriott Services (d/b/a the Castle Harbour) is a corporation organized and existing under the laws of Bermuda.[8] See

---

5. Bermuda Properties is a corporation organized and existing under the laws of Bermuda and its principal place of business is Hamilton, Bermuda. See Affidavit of Peter L. Parker annexed to Defendants' Memorandum in Support of Motion to Dismiss as Exhibit "D" ("Parker Aff.") ¶¶ 2–3.

6. Jeffrey D. Klein, M.D. and Barbi Blaire Klein are the natural parents and guardians of Alexander Bennett Klein and Ian Daniel Klein, infants under the age of fourteen years.

7. Although defendants challenge this Court's diversity jurisdiction only on the grounds of plain-

tiffs' failure to meet the amount in controversy requirement, this Court is obligated to raise the issue of "complete diversity" *sua sponte. See, e.g., Westmoreland Capital Corp. v. Findlay,* 100 F.3d 263, 266 (2d Cir.1996).

8. Bermuda Properties has not yet been made a party to these actions, and the Castle Harbour is not a proper party because it is not a separate legal entity. Therefore, the only proper foreign defendant is Marriott Services.

Conklin Aff. ¶ 2. "For purposes of diversity jurisdiction, a corporation is a 'citizen' or 'subject' of the entity under whose sovereignty it is created." *See Matimak*, 118 F.3d at 79 (citing *Nat'l S.S. Co. v. Tugman*, 106 U.S. 118, 121, 1 S.Ct. 58, 27 L.Ed. 87 (1882)). Therefore, Marriott Services is a citizen of Bermuda.[9] Thus, Marriott Services would be a properly diverse defendant if Bermuda were a "foreign state" within the meaning of 28 U.S.C. § 1332(a)(3).

The general rule, which was adopted by the Second Circuit in *Matimak*, is that a "foreign state" for purposes of 28 U.S.C. § 1332 is one "formally recognized by the executive branch of the United States government." *See Matimak*, 118 F.3d at 79.[10] Bermuda is a Dependent Territory of the United Kingdom which is not regarded as an independent sovereign nation or foreign state by the U.S. Department of State. *See Koehler*, 1998 WL 557595, at *6–7. Therefore, Marriott Services is not a "citizen or subject of a foreign state" within the meaning of 28 U.S.C. § 1332(a)(3). *See id.* (holding that court lacked diversity jurisdiction over Bermuda corporations). In so holding, we agree with the *Koehler* court that *Matimak* is the controlling authority in the Second Circuit on this issue,[11] and that it is determinative with respect to the exercise of alienage jurisdiction over a Bermuda corporation.

■ Rule 21 of the Federal Rules of Civil Procedure invests this Court with the authority to dismiss nondiverse dispensable parties in order to preserve diversity jurisdiction. *See Newman–Green*, 490 U.S. at 832, 109 S.Ct. 2218. However, because these suits cannot proceed without indispensable parties, we must dismiss these cases in their entirety if Marriott Services is indispensable within the meaning of Rule 19(b). *See id.*, 490 U.S. at 838, 109 S.Ct. 2218; *Kerr v. Compagnie De Ultramar*, 250 F.2d 860, 863 (2d Cir. 1958); Fed.R.Civ.P. 19(b).

Rule 19(b) requires a district court to decide "whether in equity and good conscience" an action should be dismissed because an absent person is "regarded as indispensable." The factors to be considered are:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed. . . .

Fed.R.Civ.P. 19(b).

In each of their Complaints, plaintiffs allege, upon information and belief, that Marriott International owned, operated or controlled the Castle Harbour.[12] However, from the undisputed affidavits filed in support of the motion, it is clear that (1) the Castle Harbour is managed, operated and controlled by Marriott Services; (2) Bermuda Properties owns the Hotel buildings and land upon which the Hotel is situated; and (3) Marriott Services is a wholly owned subsidiary of Marriott International. The Castle Harbour is neither owned, managed nor operated by

**9.** Corporations incorporated under the laws of a British Dependent Territory are citizens of the territory and not of the United Kingdom. *See Matimak*, 118 F.3d at 85–86; *Koehler v. Bank of Bermuda (New York) Ltd.*, No. 96 Civ. 7885(JFK), 1998 WL 557595, *7 (S.D.N.Y.), *recons. denied*, 1998 WL 790931 (1998).

**10.** Although *Matimak* was interpreting 28 U.S.C. § 1332(a)(2) and not § 1332(a)(3), it expressly states that the term "foreign state" should be consistently construed throughout the jurisdictional statute. *See id.*, at 84, 88.

**11.** In *Netherlands Shipmortgage Corp. v. Madias*, 717 F.2d 731, 735 (2d Cir.1983), the court *assumed* that a Bermuda corporation could invoke the court's diversity jurisdiction in a suit against a New York partnership; however, the issue of whether Bermuda is a "foreign state" within the meaning of the statute was never considered, briefed or raised at either the district court or Second Circuit level. *See Matimak*, 936 F.Supp. at 153 (S.D.N.Y.1996), *aff'd*, 118 F.3d 76, 85 (2d Cir.1997). Therefore, the issue of whether or not a British Dependent Territory, not recognized as a foreign state by the Executive Branch of the U.S. Government, is a "foreign state" within the meaning of 28 U.S.C. § 1332, was a matter of first impression in *Matimak*.

**12.** Plaintiffs also plead, in the alternative, that Marriott Services or the Castle Harbour owned, operated or controlled the Castle Harbour.

Marriott International. Therefore, plaintiffs' only basis for claiming liability with respect to Marriott International is that it, as corporate parent, is vicariously liable for the acts of its wholly owned subsidiary, Marriott Services. However, plaintiffs have asserted no basis for piercing the corporate veil. They have not asserted that Marriott Services would be unable to satisfy a judgment should one be entered against it. Further, plaintiffs will not face a statute of limitations problem should these cases be dismissed, and would be free to join in similar suits brought in New York state and Bermudian courts arising out of the events alleged in their Complaints. Undoubtedly, Marriott Services, against whom the majority of allegations are directed, has the greatest interest in defending against these lawsuits and would be substantially prejudiced were any judgments to be entered in its absence. Moreover, all the defendants named herein (as well as Bermuda Properties though not named as a defendant) have a significant interest in avoiding multiple litigation and inconsistent judgments with respect to the events at issue.

We therefore conclude that plaintiffs' actions must be dismissed because Marriott Services is a nondiverse indispensable party. *See Chesco Co. v. Nat'l Gypsum Co.,* 649 F.Supp. 65 (E.D.N.Y.1986) (dismissing complaint because Delaware corporation's wholly owned subsidiary was nondiverse indispensable party to suit against Delaware corporation); *see also H.D. Corp. of Puerto Rico v. Ford Motor Co.,* 791 F.2d 987 (1st Cir.1986) (dismissal of action as to both automobile manufacturer and its wholly owned subsidiary proper where nondiverse defendant manufacturer was indispensable party); *Polanco v. H.B. Fuller Co.,* 941 F.Supp. 1512 (D.Minn.1996) (nondiverse subsidiary indispensable in suit against parent company on theory imputing conduct of subsidiary to parent). Because plaintiffs' complaints are dismissed for lack of subject matter jurisdiction, we do not reach defendants' arguments with respect to the amounts in controversy or *forum non conveniens.*

## CONCLUSION

For the reasons discussed above, defendants' motion to dismiss pursuant to Rule 12(b)(1) is granted, and all the subject actions are dismissed without prejudice and without costs.

SO ORDERED.