■ LIBRA GLOBAL TECHNOLOGY SERVICES (UK) LIMITED et al., Appellants, v TELEMEDIA INTERNATIONAL, LTD., Respondent. [719 NYS2d 53] —Order, Supreme Court, New York County

(Herman Cahn, J.), entered June 29, 2000, which, to the extent appealed from, granted defendant's cross motion to confirm the Referee's report dated September 14, 1999, which found that plaintiffs did not prove that New York had personal jurisdiction over the defendant, denied plaintiffs' cross motion to reject the Referee's report, and dismissed the complaint, unanimously affirmed, with costs.

The IAS Court properly found that personal jurisdiction over defendant Telemedia International had not been obtained under CPLR 301, since Telemedia-USA, the New York premises of which were used in connection with the negotiation of the contract sued upon, although a wholly owned subsidiary of Telemedia International, was not a "mere department" thereof (*see, Delagi v Volkswagenwerk AG*, 29 NY2d 426, 432; *Taca Intl. Airlines v Rolls-Royce of England*, 15 NY2d 97, 102). Nor was Telemedia-USA acting as Telemedia International's agent in the State of New York for jurisdictional purposes (*cf., Frummer v Hilton Hotels Intl.*, 19 NY2d 533, *cert denied* 389 US 923).

Plaintiffs also failed to establish jurisdiction pursuant to CPLR 302 (a) (1), New York's long-arm statute, since Telemedia International did not "project" itself into New York for jurisdictional purposes via the 45-minute video-conference, during which the parties negotiated a portion of their contract for the provision of worldwide telecommunications services (*see, Worldwide Futgol Assocs. v Event Entertainment*, 983 F Supp 173, 177). Further, where, as here, a defendant has signed a contract outside of this State, a court cannot exercise jurisdiction over that defendant pursuant to CPLR 302 (a) (1) based simply on the circumstance that the plaintiff signed in New York (*see, Standard Wine & Liq. Co. v Bombay Spirits Co.*, 20 NY2d 13, 17; *Millner Co. v Noudar, Lda.*, 24 AD2d 326, 329-330). Finally, jurisdiction under the second prong of CPLR 302 (a) (1) cannot be based upon the existence of secondary contracts potentially involving defendant's provision of services in New York (*see, Worldwide Futgol Assocs. v Event Entertainment, supra*, at 181). Concur—Rosenberger, J. P., Mazzarelli, Andrias, Rubin and Saxe, JJ.