■ LUCIA WARCK-MEISTER, Appellant, v DIANA LOWENSTEIN FINE ARTS et al., Respondents. [775 NYS2d 859]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered August 1, 2003, which granted defendants' motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

The record provides no indication of a course of conduct

within New York sufficient to support an exercise of jurisdiction pursuant to CPLR 301 (*see Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33 [1990]; *Holness v Maritime Overseas Corp.*, 251 AD2d 220, 222 [1998]). Nor does there appear to be any ground for an exercise of jurisdiction pursuant to CPLR 302 (a) (1), since there has been no sufficient showing of conduct by which the nondomiciliary defendant purposefully availed herself of the privilege of transacting business so as to invoke the benefits and protections of New York's laws (*see Liberatore v Calvino*, 293 AD2d 217, 220 [2002]; *see generally Arista Tech., Inc. v Arthur D. Little Enters., Inc.*, 125 F Supp 2d 641, 649-650 [2000]). The various telephone, fax and e-mail communications upon which plaintiff relies, purportedly concerning defendants' exhibition and sale of her art, are not, under the circumstances herein, adequate transactional predicates for an assertion of jurisdiction under CPLR 302 (a) (1) (*see Libra Global Tech. Servs. [UK] v Telemedia Intl.*, 279 AD2d 326 [2001]; *Worldwide Futgol Assoc., Inc. v Event Entertainment, Inc.*, 983 F Supp 173, 177 [1997]). Also insufficient to support an assertion of jurisdiction under that provision is the accommodation in accordance with which plaintiff's artwork was returned to New York (*see Continental Field Serv. Corp. v ITEC Intl., Inc.*, 894 F Supp 151, 154 [1995]; *Arista Tech., supra*), and the circumstance that persons who might have viewed plaintiff's artwork in New York subsequently purchased it through defendant's foreign galleries. Moreover, plaintiff's general allegations regarding these transactions fail to make out the requisite connection with the alleged injury (*see Liberatore*, 293 AD2d at 220; *Holness*, 251 AD2d at 224). Nor is there any basis for an assertion of jurisdiction pursuant to CPLR 302 (a) (3), since this action sounds essentially in breach of contract, and not in tort (*see Arista Tech.*, 125 F Supp 2d at 653-654). Finally, contrary to plaintiff's contention, discovery was not warranted since plaintiff failed to advance any nonconjectural ground to believe that the disclosure sought would be productive of evidence supporting an exercise of jurisdiction over defendants (*see Turbel v Societe Generale*, 276 AD2d 446, 447 [2000]). Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Williams, JJ.