■ INSURANCE COMPANY OF NORTH AMERICA et al., Appellants-Respondents, v EMCOR GROUP, INC., Respondent-Appellant, and UNIVERSITY MECHANICAL AND ENGINEERING CONTRACTORS, Respondent, et al., Defendant. INSURANCE COMPANY OF NORTH AMERICA et al., Respondents, v EMCOR GROUP, INC., Appellant, et al., Defendants. [781 NYS2d 4]—

Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered July 3, 2001, which, inter alia, granted defendants' motion to dismiss insofar as to dismiss the complaint as against defendant University Mechanical and Engineering Contractors (UMEC) but denied that part of defendants' motion seeking dismissal of the complaint as against EMCOR Group, Inc. (EMCOR), unanimously modified, on the law, to the extent of dismissing the complaint as against EMCOR, and otherwise affirmed, with one bill of costs in favor of defendant EMCOR payable by plaintiffs. The Clerk is directed to enter judgment in favor of EMCOR Group, Inc. dismissing

the complaint as against it. Appeal from order, same court and Justice, entered March 1, 2002, which, to the extent appealed from, denied EMCOR's motion for leave to renew its motion to dismiss the complaint as against it, unanimously dismissed, without costs, as academic in light of the foregoing.

The court properly dismissed the complaint as against UMEC, a California corporation with its principal place of business in California, on the ground that UMEC did not have sufficient minimum contacts with New York to be subject to long-arm jurisdiction pursuant to CPLR 302 (a) (1). UMEC had no contacts in New York and although the insurance policies, pursuant to which plaintiffs seek declarations that they were not obligated to defend and indemnify UMEC in an action arising in California, were negotiated and entered into in New York, the negotiations were conducted by EMCOR, UMEC's parent company, and EMCOR's insurance brokerage representative, and the existence of an agency upon which a finding of jurisdiction may be predicated may not be inferred from the mere existence of a parent-subsidiary relationship (see *Frummer v Hilton Hotels Intl.*, 19 NY2d 533, 538 [1967], *cert denied* 389 US 923 [1967]). Further discovery on the jurisdictional issue was not warranted since plaintiffs did not make a "sufficient start" in demonstrating that UMEC had the requisite minimum contacts with this jurisdiction (*cf. Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]).

The complaint as against EMCOR should have been dismissed for failure to state a cause of action. Dismissal of plaintiffs' first two claims, seeking declarations that they had no obligation to defend and indemnify EMCOR in the California action, is warranted because EMCOR was not a party to that action. The third cause of action, seeking reimbursement from EMCOR, as the parent company of UMEC, for defense costs and indemnity payments incurred in the California action, should also be dismissed. Because UMEC was a separate named insured under the subject insurance policies, EMCOR was not obligated under those policies to reimburse plaintiffs for UMEC's defense and indemnification in the California action. Concur—Mazzarelli, J.P., Andrias, Sullivan, Lerner and Gonzalez, JJ.