■ ROYALTY NETWORK, INC., Appellant, v CARL HARRIS, Doing Business as PHAT GROOV MUSIC, Respondent. [947 NYS2d 53]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered December 22, 2011, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

The court properly determined that New York does not have jurisdiction over defendant, a Georgia resident. Plaintiff, a New York music publishing corporation, did not make a sufficient showing of conduct by which the nondomiciliary defendant purposefully availed himself of the privilege of transacting business so as to invoke the benefits and protections of New York's laws (CPLR 302 [a] [1]). The consulting agreement between the parties, the various communications plaintiff relies upon which concern the songwriters that defendant referred to plaintiff for administration and co-publishing agreements in New York, are not, under the circumstances herein, adequate transactional predicates for an assertion of jurisdiction (*see Warck-Meister v Diana Lowenstein Fine Arts*, 7 AD3d 351, 352 [2004]). Rather, all of the New York activities relating to the consulting agree-

ment, including publishing, administering and exploiting the songwriter's compositions in New York's media outlets, were performed by plaintiff and cannot be attributed to defendant (*see e.g. J. E. T. Adv. Assoc. v Lawn King*, 84 AD2d 744, 744-745 [1981], *appeal dismissed* 56 NY2d 648 [1982]). Similarly, the executive producer agreement between the parties which required defendant to produce, market, promote, and distribute an album and two music videos, was not sufficient to establish that defendant "contract[ed] anywhere to supply goods or services in the state" (CPLR 302 [a] [1]). Indeed, the agreement contains no geographic qualifications at all. Although defendant was required to send a completed album to plaintiff in New York, nothing shows that he intended to take advantage of New York's unique resources in the entertainment industry (*cf. Courtroom Tel. Network v Focus Media*, 264 AD2d 351 [1999]). Concur—Mazzarelli, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.