■ ALAN D. GORDON, Individually and on Behalf of SKYLINK AVIATION (WYOMING), INC., Respondent-Appellant, v FREDERICK W. CREDNO, JR., Also Known as FREDERICK W. CREDNO, et al., Appellants-Respondents, et al., Defendants. [960 NYS2d 360]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered on or about January 9, 2012, which, to the extent appealed from, denied defendant Credno's motion to dismiss plaintiff's claims against him for breach of contract (counts four and five), fraud (counts six and nine) and breach of fiduciary duty (count eight); denied defendants SkyLink Air and Logistic Support (USA), Inc. (SkyLink USA), Harjit S. Kalsi, Donald J. Moss, and Sportsflight Air, Inc.'s (collectively, the SkyLink defendants) motion to dismiss plaintiff's claims against

SkyLink USA for breach of contract (count one), unjust enrichment (count two) and quantum meruit (count three), and against all of the SkyLink defendants for fraud (counts six and nine); and granted defendants' motions to dismiss plaintiff's breach of contract claim (count seven) in its entirety, and those portions of his fraud (counts six and nine) and breach of fiduciary duty (count eight) causes of action alleging derivative claims, unanimously modified, on the law, to dismiss the unjust enrichment and quantum meruit claims, and to dismiss plaintiff's claims in his individual capacity under the fraud and breach of fiduciary duty causes of action, and otherwise affirmed, without costs.

With regard to plaintiff's cross appeal, given the minimal business activities of the corporation, the IAS court correctly found that the derivative claims plaintiff asserted on behalf of the corporation accrued for purposes of CPLR 202 in Wyoming, where the corporation was incorporated (*Verizon Directories Corp. v Continuum Health Partners, Inc.*, 74 AD3d 416 [1st Dept 2010], *lv denied* 15 NY3d 716 [2010]), and were thus barred by that state's statute of limitations. The court also properly dismissed plaintiff's seventh cause of action, a derivative claim for breach of contract. Only one of the defendants is even alleged to be a party to the contract, and that defendant is alleged to have performed under the contract.

Turning to defendants' appeals, we find that the IAS court erred in failing to dismiss plaintiff's claims in his individual capacity for fraud and breach of fiduciary duty. Plaintiff is a shareholder in a closely held corporation. He alleges that others caused the corporation to sell shares it owned in another corporation, and to have the proceeds of the sale diverted to yet another corporation. This type of looting or diversion of corporate assets is an injury to the corporation, not the individual shareholder, and thus had to be brought as a derivative claim (*Wolf v Rand*, 258 AD2d 401, 403 [1st Dept 1999]).

The IAS court properly sustained plaintiff's contract claim for failure to pay legal fees. There was no need for the complaint to address every possible defense to the claim. It was sufficient for plaintiff to allege, as he did, that he did the work at the request of the corporate defendant, at agreed-upon rates. However, because the express agreement governs the provision of these legal services, the IAS court should have dismissed the parallel claims for unjust enrichment and quantum meruit (*Curtis Props. Corp. v Greif Cos.*, 236 AD2d 237, 239 [1st Dept 1997]).

The IAS court properly sustained plaintiff's cause of action for legal fees from defendant Credno. While there is an argu-

ment that the fee agreement is excessive, in violation of the then Code of Professional Responsibility DR 2-106 (22 NYCRR 1200.11), many factors go into such a determination. These include the work done, the compensation actually received or claimed, and the risk undertaken by the attorney (*see King v Fox*, 7 NY3d 181 [2006]). Given the lack of such information in the complaint or elsewhere, the agreement cannot be said to be unenforceable on its face.

Credno also argues that plaintiff failed to plead compliance with Code of Professional Responsibility DR 5-104 (22 NYCRR 1200.23) in seeking to enforce two business agreements between Credno and plaintiff. However, given that there are fact issues as to whether Credno would have believed that plaintiff was representing him in those transactions, or was acting other than at arm's length, the IAS court properly declined to dismiss the claims as to the alleged agreements.

Finally, while all of the claims against Kalsi are now dismissed, the IAS court erred in finding personal jurisdiction over him. The only allegation that he "derived substantial revenue from . . . international commerce" was based on work he did as a corporate officer. The revenue of the company is not imputed to its employees for jurisdictional purposes (*see Pramer S.C.A. v Abaplus Intl. Corp.*, 76 AD3d 89 [1st Dept 2010]). Nor were unspecified calls and emails to plaintiff in New York a sufficient basis for personal jurisdiction under CPLR 302 (a) (1) (*see Warck-Meister v Diana Lowenstein Fine Arts*, 7 AD3d 351 [1st Dept 2004]). Concur—Andrias, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.