Order, Supreme Court, New York County (Paul Wooten, J.), entered December 10, 2012, which granted the motion of defendants Worldlink International (Holding) Ltd. (Holding), Worldlink Tanker Ltd. (Tanker), Worldlink Energy Ltd. (Energy), World-link (HK) Resources Ltd. (HK), and Worldlink (Canada) Resources Ltd. (Canada) to dismiss the complaint based on forum non conveniens, and denied plaintiff’s cross motion to compel discovery, unanimously affirmed, with costs.
In 2009, plaintiff — a Swiss corporation with its principal place of business in Switzerland, but registered to do business in New York — obtained a judgment in London against defendant Shipping Ltd. (Shipping), which is another foreign corporation registered to do business in New York. In 2010, the United *437 States District Court for the Southern District of New York recognized the foreign judgment. Thereafter, plaintiff brought the instant action, alleging that all of the defendants were alter egos and therefore jointly and severally liable for the judgment against Shipping.
Holding, Tanker, and Energy are Samoan companies with offices in Samoa. As of the date this action was commenced, these defendants were registered to do business in New York. They subsequently surrendered their authority to do business.
HK is a Hong Kong company with its principal place of business in Hong Kong. Canada is a Canadian company with its principal place of business in Vancouver.
Defendants moved to dismiss based on forum non conveniens or, in the alternative, failure to state a cause of action. As a further alternative, Holding, HK, and Canada moved to dismiss for lack of personal jurisdiction.
The court should have addressed the issue of personal jurisdiction before forum non conveniens because, if a court lacks jurisdiction over a defendant, it is “without power to issue a binding forum non conveniens ruling as to” that defendant (Wyser-Pratte Mgt. Co., Inc. v Babcock Borsig AG., 23 AD3d 269, 269 [1st Dept 2005]).
New York courts have personal jurisdiction over Holding because, at the time this action was commenced, Holding was registered to do business in New York (see Doubet LLC v Trustees of Columbia Univ. in the City of N.Y., 99 AD3d 433, 434-435 [1st Dept 2012]; Minmetals Shipping & Forwarding Co. Ltd. v HBC Hamburg Bulk Carriers, GmbH & Co. KG, 2008 WL 2518709, *4, 2008 US Dist LEXIS 48639, *8-10 [SD NY, June 24, 2008, No. 08 Civ. 3533]).
HK and Canada are subject to personal jurisdiction because they are “nothing more than the name under which” Holding, which is subject to New York jurisdiction, did business in Hong Kong and Canada (Public Adm’r of County of N.Y. v Royal Bank of Can., 19 NY2d 127, 131 [1967]). In support of its motion to dismiss, Holding submitted a declaration stating that it had offices in Samoa. However, defendants’ marketing materials say that Holding has offices in Hong Kong and Vancouver, i.e., they attribute HK’s and Canada’s offices to Holding. Similarly, Public Adm’r found that New York had personal jurisdiction over Royal Bank of Canada (France), even though that defendant was separately incorporated from Royal Bank of Canada (which was subject to New York jurisdiction), where, inter alia, Royal Bank of Canada declared in its advertising that France was one of the countries in which it had branches (id. at 131-132).
*438 The motion court properly dismissed based on forum non conveniens. Contrary to plaintiffs claim, an alternative forum is not absolutely required under New York law, as opposed to federal law (see e.g. Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478, 481, 483-484 [1984], cert denied 469 US 1108 [1985]; Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd., 9 AD3d 171, 179 [1st Dept 2004]). In any event, “the burden of demonstrating that [no alternative forum is available] . . . fall[s] on plaintiff’ (Pahlavi, 62 NY2d at 481). Plaintiff has not shown that Samoa, Hong Kong, and Canada are inadequate alternative fora.
“The applicability of foreign law is an important consideration in determining a forum non conveniens motion and weighs in favor of dismissal” (Shin-Etsu, 9 AD3d at 178 [citations omitted]). The question of whether defendants’ corporate veils should be pierced will be determined by the laws of each defendant’s state of incorporation (see e.g. Klein v CAVI Acquisition, Inc., 57 AD3d 376, 377 [1st Dept 2008]). That means that a New York court will have to apply the laws of Samoa, Hong Kong, and Canada.
The witnesses and documents required to show that defendants are alter egos will likely be located in Samoa, Hong Kong, and Canada. This also weighs in favor of dismissal (see e.g. Zelouf v Republic Natl. Bank of N.Y., 225 AD2d 419 [1st Dept 1996]).
Other than the fact that plaintiff is trying to enforce a judgment of the Southern District of New York (which merely recognized a London judgment against Shipping), this case has no tie to New York. Therefore, the motion court properly dismissed based on forum non conveniens (see e.g. OneBeacon Am. Ins. Co. v Newmont Min. Corp., 82 AD3d 554, 555 [1st Dept 2011]; Lehrer v Procope & Co., 35 AD2d 794 [1st Dept 1970]).
In light of the forum non conveniens dismissal, the court properly denied plaintiffs cross motion to compel discovery as moot. Concur — Gonzalez, P.J., Sweeny, Richter and Clark, JJ.