■ SunLight General Capital LLC, Appellant, v CJS Investments Inc. et al., Respondents, et al., Defendant. [981 NYS2d 390]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered June 27, 2013, which granted defendants CJS Investments Inc. and Clean Jersey Solar LLC's motion, pursuant to CPLR 3211 (a) (8), for dismissal of the complaint as against them, unanimously affirmed, with costs.

In this action, plaintiff SunLight General Capital LLC, a New York corporation, seeks, inter alia, recovery for damages allegedly incurred as a result of defendants' breaches of contract and tortious interference. Defendants CJS Investments Inc. (CJS) and Clean Jersey Solar LLC (Clean Jersey) are New Jersey entities, with offices and employees located solely within the State of New Jersey, and whose alleged actions herein occurred with the State of New Jersey. The contractual claims, as against CJS arise out of CJS's entry into a memorandum of understanding

(MOU) with plaintiff which contemplated a joint venture whose business was to consist of the development of solar energy facilities on New Jersey properties owned by CJS. All of the meetings between plaintiff and CJS took place in New Jersey, and the MOU contained a New Jersey choice-of-law provision.

The fact that CJS negotiated the terms of the MOU and communicated with plaintiff via email and telephone, which communications do not serve as the basis for plaintiff's claims, is insufficient to constitute the transaction of business within New York (*see* CPLR 302 [a] [1]; *Arouh v Budget Leasing, Inc.,* 63 AD3d 506 [1st Dept 2009]; *Warck-Meister v Diana Lowenstein Fine Arts,* 7 AD3d 351 [1st Dept 2004]; *Granat v Bochner,* 268 AD2d 365 [1st Dept 2000]). Plaintiff's actions within New York, including making presentations to potential investors and executing the MOU, cannot be imputed to CJS for jurisdictional purposes (*see Royalty Network, Inc. v Harris,* 95 AD3d 775 [1st Dept 2012]; *see also Standard Wine & Liq. Co. v Bombay Spirits Co.,* 20 NY2d 13, 17 [1967]; *Libra Global Tech. Servs. [UK] v Telemedia Intl.,* 279 AD2d 326 [1st Dept 2001]). Accordingly, plaintiff's breach of contract and breach of duty of fair dealing claims were properly dismissed as against CJS.

Likewise, dismissal of the tortious interference claims asserted against CJS and Clean Solar was proper. Plaintiff cannot establish personal jurisdiction, pursuant to CPLR 302 (a) (3) (ii), in the absence of evidence that these defendants "derive[ ] substantial revenue from interstate or international commerce."

Finally, plaintiff failed to make a "sufficient start," via tangible evidence, in demonstrating that long-arm jurisdiction may exist over these defendants, and thus, jurisdictional discovery is not warranted (*see Insurance Co. of N. Am. v EMCOR Group, Inc.,* 9 AD3d 319, 320 [1st Dept 2004]; *Granat v Bochner,* 268 AD2d at 365). Concur—Sweeny, J.P., Renwick, Moskowitz, Richter and Gische, JJ.