Emaar Rak F.Z.E. v Rak Tourism Inv. F.Z.C. (2019 NY Slip Op 08495)





Emaar Rak F.Z.E. v Rak Tourism Inv. F.Z.C.


2019 NY Slip Op 08495


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Richter, J.P., Manzanet-Daniels, Gische, Webber, Kern, JJ.


10410 650864/18

[*1] Emaar Rak F.Z.E., Plaintiff-Appellant,
v
Rak Tourism Investment F.Z.C., Defendant-Respondent.


Moore International Law, PLLC, New York (Scott M. Moore of counsel), for appellant.
Hoguet Newman Regal & Kenney, LLP, New York (Damian R. Cavaleri of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 29, 2018, which denied plaintiff's motion for summary judgment in lieu of complaint, and granted defendant's motion to dismiss, unanimously affirmed, with costs.
In a New York action to enforce a foreign judgment where a defendant raises a colorable, nonfrivolous ground for denying the judgment recognition, the plaintiff must show some basis — whether arising from the defendant's residence, conduct, consent, the location of its property, or otherwise — to justify defendant's being subject to the New York court's power (see AlbaniaBEG Ambient Sh.p.k. v Enel S.p.A., 160 AD3d 93, 111-112 [1st Dept 2018]; see also id. at 94 & 110 n 19). Defendant raised a colorable, nonfrivolous ground for denying the foreign judgment recognition, viz., that it had already paid it. Hence, the IAS court properly found that it needed to have personal jurisdiction over defendant.
Defendant is organized under the laws of the United Arab Emirates (U.A.E.) and has its principal office address there. Defendant's manager submitted an affirmation saying that its business was conducted exclusively in the U.A.E. and that defendant had no connection to New York and no assets here. Plaintiff claims New York has personal jurisdiction over defendant because Orascom Development owns 73% of defendant's shares, and Orascom has four U.S. shareholders, one of which is a New York investment firm. This is unavailing for two reasons. First, plaintiff cannot impute Orascom's New York contact to defendant simply because defendant is Orascom's subsidiary (see Insurance Co. of N. Am. v EMCOR Group, Inc., 9 AD3d 319, 320 [1st Dept 2004]). Second, even if such contact could be imputed, plaintiff cites no authority for the proposition that having a New York shareholder subjects a foreign corporation to jurisdiction in this state.
Plaintiff contends that it properly served defendant pursuant to CPLR 311(a)(1) by personally delivering a package addressed to defendant's general manager to a Federal Express cashier. This argument is unavailing (see Matter of Jiggetts v MTA Metro-N. R.R., 121 AD3d 414 [1st Dept 2014] [statute "requires that the process server tender process directly to an authorized corporate representative"]; A.R.D. Group v Rubin Group, Inc., 44 Misc 3d 144[A], *1 [App Term, 1st Dept 2014] ["The method of service used by plaintiff — delivery upon defendant's agent by Federal Express overnight mail — was ineffectual"]; see also Fashion Page v Zurich Ins. Co., 50 NY2d 265, 273 [1980] ["Delivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is (defendant's) employee, would not be sufficient"]).
Plaintiff's belated request to re-serve the summons "is both unpreserved and untimely" (A.R.D., 44 Misc 3d 144[A] at *1).
In light of the foregoing, plaintiff's remaining arguments are academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK